E. L. WALKER ET AL V. ALLISON MONEY.

No. 7111. Decided October 26, 1938.
Rehearing overruled January 4, 1939.
(120 S. W., 2d Series, 428.)

*Edwin Lacy, George Prendergast* and *Jack Price*, all of Longview, *King, Mahaffey, Wheeler & Bryson* and *Wm. Hodges*, all of Texarkana, *H. R. Wilson* and *H. S. Garrett*, both of Fort Worth, and *Greenwood, Moody & Robertson*, of Austin, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that plaintiffs in error, upon whom rested the burden of proof, were denied, under the statute, the right to open and conclude the argument before the jury. And also in erroneously construing the language of Article 2183, R. S. 1925, to mean "the burden of proof on the whole case *under the pleadings*," and that the question of where the burden of proof rests on the whole case is not controlled by the status of the cause *"after the evidence is concluded and the charge is read."* By thus construing the statute *and failing to give any effect to the introduction of new words and to the omission of old words,* the court deprived plaintiffs in error of an invaluable legal right. Missouri, K. & T. Ry. Co. v. Beasley, 106 Texas 177; Chapin v. Putman Supply Co., 124 Texas 247, 76 S. W. (2d) 469; American Ind. Co. v. City of Austin, 112 Texas 239, 246 S. W. 1019; Smoot's Anno. Texas Court Rules, page 431.

On the question of improper argument of counsel: Galveston Elec. Co. v. Dickey, 120 S. W. 1135; Brown Cracker & Candy Co. v. Castle, 26 S. W. (2d) 436, 31 S. W. (2d) 630; Commercial Standard Ins. Co. v. Noack, 62 S. W. (2d) 72.

*Campbell & Leak, Taylor, Storey & Dotson,* all of Long-view, *Fulbright, Crooker & Freeman* and *C. A. Leddy,* all of Houston, and *Smith, Brownlee, Goldsmith & Bagby,* of Austin, for defendant in error.

The ommission of the words "under the pleadings" from Article 2183 did not change the meaning of the statute so as to give to the defendant the right to open and conclude the argument, where the issues submitted to the jury required an affirmative answer if the pleading is to prevail. Bankers Life Co. of Des Moines v. Butler, 73 S. W. (2d) 664; Mayfield v. Sun, 278 S. W. 462; Smith v. Frost 254 S. W. 926.

On the argument of counsel: Galveston Elec. Co. v. Dickey, 120 S. W. 1135; Houston Ice & Brewing Co. v. Harlan, 212 S. W. 789; Russell v. Martin, 49 S. W. (2d) 699.

MR. JUDGE HICKMAN of the Commission of Appeals, delivered the opinion for the Court.

In the trial court defendant in error Allison Money was awarded judgment against plaintiffs in error Dr. E. L. Walker, Mrs. E. L. (Nannie) Walker, The Texas Company and the Sun Oil Company for the title and possession of two tracts of land situated in Gregg County. The judgment was affirmed by the Court of Civil Appeals. 93 S. W. (2d) 602.

The petition contained the statutory allegations of an action of trespass to try title and contained also special pleas of title by limitation of three, five and ten years. The answer of each defendant contained a general denial, plea of not guilty and pleas of title by different statutes of limitation. Before the case went to trial defendant in error Money filed an affidavit that a certain deed relied upon by plaintiffs in error purporting to have been executed by him and conveying the land in controversy to Mrs. Walker, was a forgery. When the introduction of evidence was concluded it developed that Money had established his right to recover the land by uncontroverted evidence unless that right was defeated by the deed above referred to or by one or more of the pleas of limitation filed by plaintiffs in error. Only three issues were submitted to the jury. The first submitted the question of whether or not Money executed the deed to Mrs. Walker, the second submitted the question of defendants' title by limitation under the 25 years statute and the third submitted the question of defendants' title by limitation under the 10 years statute. In each of these issues the burden of proof was placed upon the defendants in the trial court, who are plaintiffs in error here. The jury answered

each issue in the negative and upon the verdict the judgment above mentioned was rendered.

The principal question presented grows out of the action of the trial court in refusing the request of plaintiffs in error to be allowed to open and close the argument to the jury. After all of the evidence had been introduced and after the charge had been prepared and submitted to counsel, but before the case was argued to the jury, plaintiffs in error presented to the court a written request to be allowed to open and conclude the argument. This request was refused. The question calls for the construction of the statute relating to the order of argument. Prior to the revision of 1925 the subject was regulated by Article 1953, R. S. 1911, which read as follows:

"After the evidence is concluded, the parties may submit the case to the jury in argument; the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument; * * *."

While that article was in effect the Supreme Court promulgated Rule 31 governing the practice in district and county courts, (142 S. W. XX) which rule has not been repealed or modified. That rule is as follows:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

In the revision of 1925 Article 1953, R. S. 1911, was brought forward as Article 2183, slightly changed so as to read as follows:

"After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument; * * *."

It thus appears that the phrase "under the pleadings" ap-

pearing in the revision of 1911, was omitted by the codifiers from the revision of 1925, and it is the contention of plaintiffs in error that its omission evidences an intention on the part of the Legislature to change the law with reference to the right to open and conclude the argument. It is admitted by them that they did not comply with Rule 31, but it is their contention that the change in the statute above noted had the effect of repealing that rule, and that the statute alone should be looked to. It is further admitted that this Court has applied the rule since the revision of 1925 just as it did prior to that revision, but it is contended that the decisions of the court should not be accepted as authority, because the question was not presented and considered in any of those cases. In this view we concur. It would appear from a consideration of the opinions that this Court has not heretofore considered and determined the exact question now presented, and we approach its consideration unbound by prior decisions.

In order that the exact theory of plaintiffs in error may be made to appear in this opinion we quote from their application for writ of error as follows:

"* * * Once the court by its rulings on the evidence under the pleadings has determined the contents of the charge, the party having the 'burden of proof on the whole case' for that trial is known, and, indeed, he is pointed out in the charge. Hence the appropriate time has then arrived to determine the order of argument, and the old practice furnishing no guide save that afforded by the pleadings having been repealed, the Legislature sensibly and plainly prescribes that the matter of who shall be entitled to open and conclude the argument is to be determined by the burden of proof on the whole case 'after the evidence is concluded and the charge is read,' without regard to where the burden lay under the pleadings, before the evidence was concluded and before the charge was read."

As we understand their position it is that the question of which party has "the burden of proof on the whole case" is to be determined not by the pleadings, but by the charge. Let us examine this contention. In every case the "burden of proof on the whole case" is upon one party or the other. The statute itself compels that conclusion, for otherwise it affords no guide at all. There is no such thing as the "burden of proof on the whole case" being partly on one party and partly on the other. In many cases, probably in a majority of the cases, the court's charge places the burden of proof on the plaintiff as to certain issues and upon the defendant as to others. In that situation under the theory of plaintiffs in error the "bur-

den of proof on the whole case" would be on neither party and the trial court would be without any rule or guide in determining which party has the right to open and conclude. Under our system of practice where a case is submitted on special issues, as practically all cases are submitted, the whole case is seldom submitted to the jury. Only disputed issues of fact are submitted. Obviously the question of which party has the "burden of proof on the whole case" cannot be determined by considering a charge which does not submit the whole case.

In the instant case, suppose the plaintiff had not established his title by undisputed evidence, and that, for that reason, one issue had been submitted upon which he had the burden of proof and three issues submitted upon which the defendants had the burden of proof. It would probably be admitted by the plaintiffs in error that in that situation the plaintiff would be entitled to open and conclude the argument. If so, that would be an admission that the question of who has the "burden of proof on the whole case," cannot be determined by the charge, but must be determined in some other manner.

■ Since it is impossible to determine the question of who has the burden of proof on the whole case from the charge alone, how then shall it be determined? In the absence of an express statutory provision to the contrary the following test for determining who has the burden of proof on the whole case is given in 22 C. J. p. 70.

"The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden being of course on the adverse party."

■ That test meets with general approval. It can be applied only by considering the pleadings, which determine the nature of the case, and its result as well upon a failure of both parties to introduce any evidence. In the statute prior to the revision of 1925 the phrase "under the pleadings" was used. The omission of that phrase from the 1925 revision does not evidence any intention to change the rule, for the phrase added nothing to its meaning. We cannot presume an intention to change the statute when the language in the revision has the same meaning as that prior to the revision. It may be, as contended by plaintiffs in error, that it would be an equitable rule to permit a defendant who has the burden of proof as to each issue submitted to the jury to open and conclude the argument, but the

Legislature has regulated the question and has not granted that right to him.

The Court of Civil Appeals in its opinion by Chief Justice Johnson well disposed of the contention of plaintiffs in error on this point as follows:

"We are unable to agree with appellants' contention. The language 'the burden of proof on the whole case,' as used in Article 2183, and the language 'the burden of proof of the whole case under the pleadings,' as used in Rule 31, and as formerly contained in the statute, are expressions having the same meaning. The phrase 'under the pleadings' clarified, but did not alter, the meaning of the language left in the statute, in that the 'burden of proof on the whole case' is necessarily fixed and determined 'under the pleadings,' and before the introduction of evidence begins. It rests upon the party against whom judgment must be entered under the settled pleadings should neither side introduce any evidence. The burden of proof on the whole case never shifts from one party to another during the trial, but remains with the party upon whom it is placed under the pleadings. Jester v. Steiner, 86 Texas 415, 25 S. W. 411; Boswell v. Pannell, 107 Texas 433, 180 S. W. 593; 22 C. J. par. 13, p. 67 et seq."

Various arguments made by counsel for defendant in error are complained of. Some of these arguments are set out in the opinion of the Court of Civil Appeals. We approve the holdings of that court with reference to those arguments and do not deem it necessary to set them out and further discuss them in this opinion. There is, however, one argument made by one of the attorneys for defendant in error which was not set out in the opinion of the Court of Civil Appeals and which deserves some consideration. That argument and the ensuing dialogue were as follows:

"MR. DOTSON: 'I say, gentlemen of the jury, that in 1902 that Allison Money did not give to Doctor Walker or Mrs. Walker a deed to his land for the price that they set up in this purported deed. What does it say, this thing that they are sitting up behind—this instrument that the Texas Company is standing behind 'and say: 'Gentlemen of the jury, we want you to say whether it is a forged instrument or not, but if it is a forged instrument, we want it by limitation.' The Sun Oil Company—now, gentlemen, I want to apologize for saying the Sun Oil Company because I don't see a representative of that company here. I don't see them here insisting upon this forged instrument. I don't know why they are not here,

but I do know, gentlemen of the jury, that the attorney for Doctor Walker and the attorney for the Texas Company have had to introduce what evidence the Sun Oil Company has had introduced in evidence. I don't know whether the Sun Oil Company couldn't stand the proposition of claiming land under a forged deed or not."

"Whereupon H. S. Garrett, Esq., attorney for defendants, The Texas Company, objected and excepted as follows:

"MR. GARRETT: 'That is unwarranted and I take a bill of exception to that argument as being highly inflamatory and prejudicial and unfair, and counsel knows it is unfair. Counsel knows why the Sun Oil Company attorney can't be here.'

"Whereupon Mr. Dotson said:

"MR. DOTSON: 'No, I don't.'

"Whereupon Mr. Garrett said:

"MR. GARRETT: 'I withdraw that remark (referring to the remark that, 'Counsel knows why the Sun Oil Company attorney can't be here'). I think you know, you ought to know.'

"Whereupon Mr. Dotson said:

"MR. DOTSON: 'I certainly don't.'

"Whereupon Mr. Garrett said:

"MR. GARRETT: 'I object to that argument and take a bill of exception to it. I am speaking for and on behalf of my client.'

"Whereupon Edwin Lacy, Esq., attorney for defendants Mrs. E. L. Walker and Dr. E. L. Walker, objected and excepted in behalf of said defendants as follows:

"MR. LACY: 'We make the same objection.'

"Whereupon Mr. Garrett said:

"MR. GARRETT: 'It is particularly unfair—'

"Whereupon Mr. Lacy said:

"MR. LACY: 'There is nothing in the record—'

"Whereupon Mr. Dotson said:

"MR. DOTSON: 'If it is wrong, I apologize.'

"Whereupon the court ruled:

"THE COURT: 'All right you got your bill, go ahead'."

The argument did not reflect upon the integrity of counsel. It was not a criticism of the statute of limitation. It does not at all come within the class of argument recently condemned

by us in the case of Traders & General Ins. Co. v. Ross, 131 Texas 117 S. W. (2d) 423. We cannot agree that the argument was of such character that it was calculated to cause the jurors to disregard their oaths and answer the issues upon considerations other than their understanding of the evidence introduced on the witness stand.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 26, 1938.

Rehearing overruled January 4, 1939.