

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 24, 1957

Honorable R. D. Holt, M.D.
Chairman of the Board
Board of Vocational Nurse Examiners
904 Lavaca Street
Austin 1, Texas

Opinion No. WW-175

Re: Method of Selecting a
Director of Training for
Vocational Nurse Examin-
ers under provisions of
H.B. 99 (V.C.S., Art.
4528c, Section 4 (c) ).

Dear Dr. Holt:

        In your letter of June 19, 1957, you have requested
an opinion from this office as to whether it is necessary
that the Director of Training, to be selected to fill the
vacancy created by the recent death of the incumbent, must be
a Registered Nurse; or may the Director of Training be either
a Registered Nurse or a Licensed Vocational Nurse, at the
option of the Board.

        House Bill 99, Acts 55th Legislature, Regular Ses-
sion, 1957, chapter 47, page 95 (V.C.S., Art. 4528c, Sec.
4 (c) ), became effective on April 5, 1957, and reads as
follows:

        "The Board shall employ a full-time <u>Director
    of Training</u>, who shall have had at least five (5)
    years experience in teaching nursing in an accre-
    dited school of nursing or an accredited training
    program. During the first five (5) years after
    the effective date of this Act, the <u>Director of
    Training</u> shall be a Registered Nurse, licensed by
    the State Board of Nurse Examiners. Thereafter,
    the Board may select either a Licensed Vocational
    Nurse or a Registered Nurse as the <u>Director of
    Training</u>. The duties of the <u>Director of Training</u>
    shall be to visit and inspect all schools for the
    training of Vocational Nurses at least once a
    year and to confer with superintendents of hospi-
    tals and superintendents of nursing schools as to
    the system of instruction given and as to accomoda-
    tions and rules governing said schools in reference

to its students. The Board shall prescribe such
methods and rules of visiting, and such methods of
reporting by the Director of Training as may in its
judgment be deemed proper." (Emphasis added)

Prior to the above quoted amendment, Article 4528c,
Section 4 (c), V.C.S. (Acts 52nd Legislature, 1951, chapter
118, page 197) reads as follows:

"The Board shall employ a full time Visiting
Secretary, who shall have had at least five (5)
years experience in teaching nursing in an accredi-
ted school of nursing or an accredited training
program. During the first five (5) years after the
effective date of this Act, the Visiting Secretary
shall be a Registered Nurse, licensed by the State
Board of Nurse Examiners. Thereafter, the Board may
select either a Licensed Vocational Nurse or a Regis-
tered Nurse as the Visiting Secretary. The duties of
said Secretary shall be to visit and inspect all
schools for the training of Vocational Nurses at
least once a year and to confer with superintendents
of hospitals and superintendents of nursing schools
as to the system of instruction given and as to acco-
modations and rules governing said schools in
reference to its students. The Board shall prescribe
such methods and rules of visiting, and such methods
of reporting by said Secretary as may in its judgment
be deemed proper." (Emphasis added)

An examination of Section 4 (c) of Article 4528c,
V.C.S., both in its original form as enacted in 1951, and in
its present form as amended in 1957, reveals that the only
difference in the two acts is the title of the official. The
qualifications and duties are the same. In fact, the caption
to the 1957 amendment (House Bill 99), refers to this change
in the following language:

"An Act amending portions of Chapter 118, Acts
of the Fifty-second Legislature, 1951, which is
codified as Article 4528c of Vernon's Texas Civil
Statutes and is sometimes known as the Vocational
Nurse Act; amending Section 4, subdivision (c), by
changing the title of 'Visiting Secretary' to
'Director of Training'; . . ." (Emphasis added)

In 39 Tex. Jur., page 257, 258, the following rules
of statutory construction are laid down:

". . . An amendment will be construed and

harmonized with the act that it amends or to which it is added, and of which it forms a part. The court may look to the body of the amendatory act, its title and emergency clause, the existing facts or conditions at the time of the amendment, and the body of the act amended . . .

" . . . original provisions appearing in an amended act are to be regarded as having been the law since they were first enacted, . . ."

To the same effect are Markwell v. Galveston County, 186 S.W.2d 273 (Civ. App. 1945, error ref.); American Surety Co. of New York v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715 (1931) and Walker et al v. Money, 132 Tex. 132, 120 S.W.2d 428 (1938).

It is a familiar rule that the court in construing an act of the Legislature, must ascertain the intention of the Legislators in the framing and passage of the law. Cernoch et ux v. Colorado County et al, 48 S.W.2d 470 (Civ. App. 1932).

It being apparent that the Legislature intended by the 1957 amendment to Article 4528c, Section 4 (c) (House Bill 99, Acts 55th Legislature, Regular Session, 1957, chapter 47, page 95) to change only the title of the office, as shown by the caption of the amending act, and that such office has been in existence since it was first created in 1951, the five year period during which the Board was restricted to Registered Nurses in making its selection of a Visiting Secretary or Director of Training has now expired; and the Board may now fill the vacancy with either a Licensed Vocational Nurse or a Registered Nurse, who has the other necessary qualifications.

## SUMMARY

The Director of Train-
ing for Vocational Nurse
Examiners may be either a
Licensed Vocational Nurse or

Honorable R. D. Holt, Page 4, (WW-      )

a Registered Nurse.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Riley Eugene Fletcher
Assistant

REF:jl

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Larry Jones

Milton Richardson

Joe Rollins

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Geo. P. Blackburn