**G. E. FRANCIS et ux., Appellants,**

v.

**Gene STANLEY et ux., Appellees.**

**No. 18022.**

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 30, 1978.

John Harvill, Bridgeport, for appellants.

Clements & Smith and Durant F. Clements, Bridgeport, for appellees.

## OPINION

SPURLOCK, Justice.

Gene Stanley and wife, Joan Stanley sued G. E. Francis and wife, Ruby Francis, in trespass to try title claiming record title to a lake lot. The defendants answered claiming title by adverse possession under the ten year statute of limitations. This appeal is from a judgment for the plaintiffs based on the jury's failure to find adverse possession.

We affirm.

Plaintiffs hold title to the lot under a deed. They sued under the theory that they are the record title owners. Defendants entered a plea of not guilty and counterclaimed for title by limitation. Defendants have owned several adjoining lots since 1943 and have lived permanently thereon since 1961. The lot in dispute is situated between the defendants' home and a road. Defendants claim the lot is part of their front yard because they cleared and cleaned up the lot, and have mowed and maintained it since 1945.

The plaintiffs base their claim of ownership on a chain of title from the sovereignty of the soil to them. The chain in pertinent part is as follows:

1930, deed from Clyde Slay to Littleton W. Darnell;

1969, deed from Lois Chiles to Charles R. and Doris Fleming;

1971, deed from Charles R. and Doris Fleming to Jimmy D. Fleming; and

1977, deed from Jimmy D. Fleming to plaintiffs.

The case was submitted to the jury on only one special issue:

"Do you find from a preponderance of the evidence that G. E. Francis and wife, Ruby Francis, held peaceable and adverse possession of the land herein involved, using or enjoying the same, for any period of ten (10) consecutive years between January 1, 1957, through May 5, 1977? "Answer 'We do' or 'We do not'."

The jury answered "We do not". Based on the jury's verdict the trial court rendered judgment that the plaintiffs recover title and possession of the lot from defendants.

Defendants assert the trial court erred in rendering judgment for plaintiffs because there is a break in the chain of title. They also assert that Doris Fleming owns a present interest in the lot and the court

erred in proceeding to judgment without her having been joined as a party to the suit. These points of error are discussed together because they both relate to the chain of title.

■ Since plaintiffs plead ownership by chain of title from the sovereignty of the soil, they had the burden to prove it. Defendants base their claim that there is a gap fatal to proof of a good chain on the fact that record title was conveyed into Littleton W. Darnell and out of Lois Chiles without any conveyance from Darnell to Lois Chiles of record. Thus on the face of the chain recorded there is a gap between Darnell and Lois Chiles. Since the only issue submitted to the jury was on adverse possession, we must assume the trial court found as a matter of law that chain of title into plaintiffs was proved. Defendants so state in their brief but complain only that judgment was rendered for the plaintiffs when the only gap in the chain is that indicated above. Since there is no evidentiary point of error on the court's finding, the question for review is whether there is any evidence in the record that fills the gap and thus supports the court's finding.

■ Lois Chiles and Doris Fleming testified that Darnell and Lois Chiles were married in 1931; that Doris Fleming was the only child of the marriage; that she was born in 1936; and that Darnell died intestate in 1937. There was no administration of the estate and no necessity therefor. They also testified that they were the parties to the deeds in the plaintiffs' chain of title. We hold that this, together with other evidence, is probative evidence to fill the gap in the chain of title. After Darnell died, Lois Chiles and Doris Fleming inherited the lot under the law of descent and distribution. Lois Chiles conveyed her interest to Doris Fleming and her husband, Charles. In turn they conveyed their interest to Jimmy Fleming, who conveyed it to the plaintiffs. These conveyances were filed of record. Thus the chain of title is complete.

■ Defendants assert the trial court committed fundamental error in proceeding to judgment without joining Doris Fleming, because she allegedly has a present interest in the lot. We fail to discern what interest she could now possess after her deed to Jimmy Fleming. The record reflects this deed conveyed any and all interest she had or would later acquire. Therefore, we find no error.

■ Even if we had found error, it would not be fundamental error. Fundamental error is error apparent on the face of the record which directly and adversely affects public interest, or amounts to a denial of due process of law, such that a reviewing court can note the error and reverse the judgment of the trial court even though the error was unassigned. *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957).

Defendants next assert that fundamental error was committed by the trial court's denial of their motion to open and close jury argument. For the reasons stated above, such action by the court would not be fundamental error.

Rule 269(a) * states the party having the burden of proof on the whole case, or on all matters submitted by the court's charge, whether upon special issue or otherwise, is entitled to open and close jury argument. Here defendants had the burden of proof on the only matter submitted, adverse possession. Therefore, they were entitled to open and close the argument. They made a timely motion to open and close which was denied by the trial court. This was error.

■ Plaintiffs claim defendants waived the error because they failed to except to the court's ruling. We do not agree. Formal exceptions to a court's ruling on motions are unnecessary under Rule 373 *. Since defendants moved to be allowed to open and close the argument and were overruled, they preserved this point on appeal without exception to the ruling of the court. .

* All references to Rules are to Tex.R.Civ.P.

■ Since we have ruled that error was committed, we must decide whether the error requires reversal. We conclude that it does not. While we recognize that the right to open and close argument is a very valuable one and must be protected, the rule of presumed prejudice is no longer applied to errors relating to jury arguments. *Dillingham v. Lynch,* 516 S.W.2d 694 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.). Therefore, defendants must show that denial of their right to open and close the argument probably caused the rendition of an improper verdict. Rule 434 *. This they have not done. They do not attempt to show they were prejudiced or harmed by this action of the court.

■ Further the statement of facts filed in this case does not include the jury argument. Where an incomplete statement of facts has been filed, a reviewing court is precluded from inquiring into any harm which may have occurred from error in failing to allow a party with the burden of proof to open and close jury argument. *Phillips v. Southwestern Bell Tel. Co.,* 559 S.W.2d 464 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

■ Defendants assert fundamental error was committed in the trial court's refusal to allow the jury to inspect certain receipts for taxes paid on the lot. Again error, if any, would not be fundamental. However, we find no error because although the tax receipts were marked as exhibits and identified, they were not admitted in evidence. Therefore, the trial court properly refused the jury's request to inspect them during their deliberations.

■ Defendants next assert the trial court erred in refusing to grant their motion for judgment non obstante veredicto. In order to appeal from the trial court's ruling on a motion for judgment n. o. v., the record must show that due notice of the motion was given to all parties and that it was presented to and ruled on by the trial court. Rule 301 *. *Producers Inv. Corp. v. Spears,* 232 S.W.2d 761 (Tex.Civ.App.—Fort Worth 1950, no writ). The reason for this rule is a reviewing court needs assurance that the motion was brought to the attention of all attorneys of record, litigants and the trial judge, and that the trial court ruled thereon. Here only defendants' motion appears of record. There is no indication of notice, hearing, or ruling. Therefore, this point is overruled.

Defendants assert the trial court erred in refusing to grant their motion for judgment on their counterclaim for title by limitation, and in limiting the special issue on adverse possession to a period from 1957 through 1977. They assert adverse possession was proved as a matter of law. Thus a no evidence question is raised. If there is any probative evidence to support the trial court's judgment, it must be affirmed.

■ There is evidence in the record that defendants on more than one occasion admitted they did not own the lot in question. There is also evidence that other lot owners in this area mow and maintain lots they don't claim to own in order to keep up the area and make the property they do own look better. We find this evidence sufficiently probative to support the judgment of the trial court. Therefore, its refusal to grant plaintiffs' motion for judgment was not error.

Plaintiffs claim adverse possession began in 1943. The special issue on adverse possession submitted by the trial court asked whether the jury found adverse possession for any ten consecutive years between January 1, 1957 and May 5, 1977. Plaintiffs claim this was error because it prevented the jury from finding adverse possession from 1943 to 1957. They assert the court's limitation of the time in which the jury could find adverse possession was error because the statute of limitations was not applicable to Doris Fleming. We disagree.

■ The evidence is uncontroverted that Doris Fleming was born in 1936 and that Darnell died in 1937. Therefore, Doris Fleming inherited the remainder of the interest in the property subject to her mother's life estate in a ⅓ undivided interest. Therefore, Doris had a present possessory

interest in an undivided ⅔ of the property upon which limitation could run had she not been a minor at the time. The statute of limitations of ten years does not begin to run against the claims of persons who, when the possession was commenced, were minors. *Hays v. Hinkle,* 193 S.W. 153 (Tex. Civ.App.—Texarkana 1917, writ ref'd). Since Doris was one year of age when she inherited her interest in the lot and was seven years of age when plaintiffs claim adverse possession began, it was not error for the trial court to limit the time in which adverse possession could have commenced to run to a period beginning on January 1, 1957.

We have considered each point of error asserted. Each is overruled except the point of error on the failure to allow the defendants to open and close jury argument. This point of error is sustained. However, for the reasons stated above the error is harmless.

Judgment of the trial court is affirmed.