**COMMUNITY PUBLIC SERVICE COMPANY, Appellant,**

v.

**L. J. ANDREWS, Appellee.**

**No. 17471.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 11, 1979.

Rehearing Denied Nov. 15, 1979.

Leland B. Kee, Angleton, for appellant.

Richard L. McElya, Angleton, for appellee.

Before EVANS, WALLACE and WARREN, JJ.

WARREN, Justice.

Community Public Service Co. appeals from a judgment in an eminent domain case, alleging the evidence did not support the jury's findings, improper jury argument, the admission of improper evidence, and improper order of opening and closing arguments.

Appellant, under its power of eminent domain, sued to acquire an easement of 2.34 acres, approximately 70 feet wide, across the center of a 25.37 acre tract belonging to Appellee. Appellant condemned the easement for the purpose of constructing a high voltage transmission line.

In dispute was the "before and after value" of the land impressed with the easement and the damage, if any, to the remaining 23.03 acres caused by the taking of the easement.

The jury in answering the four special issues found:

(1) that the value of the 2.34 acre tract *before* the taking was $9009.00,

(2) that the value of the 2.34 acre tract *after* the taking was $234.00,

(3) that the value of the 23.03 acre remainder *before* the taking was $125,295.00, and

(4) that the value of the 23.03 acre remainder *after* the taking was $97,205.00.

Appellant contends that there was no evidence to support the jury's findings to issues (2) and (4) or, alternatively, that the answers were against the great weight and preponderance of the evidence. After reviewing the record, we are of the opinion that the answers to these issues were supported by competent evidence and were not against the great weight and preponderance of the evidence.

■ Three witnesses testified as to the value of the 2.34 acre tract after the easement was taken. Mr. Andrews testified it was worth $10.00. Mr. Edmonds, Appellant's expert, testified it was worth $2923.00 and Mr. Reed, Appellee's expert, testified it was worth $604.00. All witnesses agreed that the highest and best use of

the land was for residential development. At the time of trial, the only improvements on the easement tract were a small man-made pond and a water well used for agricultural purposes. There was testimony that the transmission lines were unsightly, that they could be dangerous, that they destroyed the use of these improvements and that no permanent structure could be maintained on the subject tract. Mr. Reed further testified that the easement tract could be considered a liability to the landowner because of its limited use and the liability for taxes. Mr. Andrews, the landowner, testified that he was familiar with market values, that he was familiar with the land and that he knew the rights acquired by the utility company. Under these circumstances he was competent to testify as to the before and after market values of the easement tract. *Trinity River Authority of Texas v. E. G. Barrett*, 497 S.W.2d 91 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Gulf States Utilities Company v. Austin*, 439 S.W.2d 411 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.).

■ It is settled that a jury may ignore opinion evidence and draw its own conclusions from other evidence as to the ultimate issue of market value. *West v. Houston Lighting & Power Co.*, 483 S.W.2d 352 (Tex. Civ.App.—Houston [1st Dist.] 1972, no writ). The answer to Special Issue 2 was amply supported by the evidence; it was within the range of the opinion evidence.

■ Appellant argues that because the answer to Special Issue 4 was lower than the opinion of any expert witness it was not supported by the evidence. The same three witnesses testified as to the value of the remaining 23.03 acre tract.

The 70 foot easement enters Appellee's property at its northwest corner, runs 318.2 feet in an easterly direction along the northern boundary line, turns south and runs 958.58 feet to the southern boundary, running a course which divides the 20 acre rectangular tract approximately in half. There was evidence that the highest and

best use of the property was for a residential subdivision, that the easement divided the property and ran through the best drained portion, that the transmission lines were unsightly and could be dangerous, rendering the property less valuable for use as a subdivision. Mr. Edmonds, Appellant's expert, testified that the remainder tract was depreciated 10% after the taking, that the improvements were not damaged by the easement and that the after-taking value of the land including improvements was $111,515. Edmond's testimony is internally inconsistent because the sum of the parts does not equal the whole.[1] Additionally, Edmonds in formulating his opinion included the values of four houses, three of which were approximately 1,000 square feet each and the other approximately 1,250 square feet in size. Edmonds valued these houses at $10.00 per square foot and, later in his testimony, at $15.00 per square foot. Appellee testified that only two of these four houses were on his land. Mr. Reed, Appellee's witness, valued the improvements at $32,850.00. Edmonds' testimony pertaining to the value of the improvements is inconsistent and ambiguous. If one deducted the value of two of the smaller houses at $10.00 per square foot, then the value after the taking, otherwise based upon his testimony, would be $91,575.00. If the larger house and a smaller house are deducted at the higher $15.00 per square foot, then the value after-taking, otherwise based upon his testimony, would be $77,825.00. Both of these after-taking valuations are below the value found by the jury. Moreover, if one added Edmonds' land valuation to Reed's improvement valuation the sum would be $84,667.50 which is also below the value found by the jury.

A jury is not bound by the opinion evidence of experts and can form its own opinion from other evidence and by utilizing its own experience and common knowledge. *Simmonds v. St. Louis, B & M Ry. Co.*, 127 Tex. 23, 91 S.W.2d 332 (1936); *West v. Houston Lighting & Power Company*, 483 S.W.2d 352 (Tex.Civ.App.—Houston [1st Dist.] no writ); *City of Houston v. Ready*, 370 S.W.2d 210 (Tex.Civ.App.—Houston 1963, no writ); Rayburn, M., Texas Law of Condemnation § 219 at 575. It is also well established that the jury can reach its own conclusion by blending all the evidence admitted before it and that the jury is not compelled to credit all the testimony of any witness or to reject it all. *Texas Elec. Service Co. v. Wheeler*, 550 S.W.2d 297 (Tex.Civ.App.—Fort Worth 1976, writ ref'd. n. r. e.); *Southwestern Electric Power Co. v. Presswood*, 420 S.W.2d 182 (Tex.Civ.App.—Tyler 1967, no writ); *McConnico v. Texas Power & Light Co.*, 335 S.W.2d 397 (Tex. Civ.App.—Beaumont 1960, writ ref'd. n. r. e.). The jury's finding to Special Issue 4 was supported by sufficient evidence, and it is not against the great weight and preponderance of the evidence.

Appellant contends that the trial court erred in allowing Appellee to open and close argument because the burden of proof on the entire case was on it. Appellant's contention is based on T.R.C.P. 266 which gives a plaintiff the right to open and close unless the defendant, before the trial commences, admits that plaintiff is entitled to recover. Although there were other issues involved in the trial, they were not submitted to the jury. The identical contention was urged and rejected in *City of Teague v. Stiles*, 263 S.W.2d 623 (Tex. Civ.App.—Waco 1953, writ ref'd n. r. e.). The court in that case held that T.R.C.P. 266 should defer to T.R.C.P. 269(a) because the defendant had the burden of proof on all issues submitted to the jury. This point of error is overruled.

Appellant asserts that testimony that the property involved was a homestead violated the trial court's order in limine prohibiting evidence of sentimental value.

1. Edmonds testified that the before taking value of the land, exclusive of improvements was $2,500.00 per acre or $57,575.00 for the remaining tract. A 10% depreciation reduces the value to $2,250.00 per acre or $51,817.50 for the remaining tract. Earlier he testified that the value of the improvements was $57,755.00. The sum of $51,817.50 and $57,755.00 does not equal $111,575.00.

The purpose of a motion in limine is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of a jury. To be reversible error the questions asked or the evidence offered must be so prejudicial that the mere asking or tendering would require a reversal. *Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331 (Tex. 1963).

When asked by his counsel why this property was worth only $2500 per acre after the taking, Appellee responded, "Well, I got my homestead. I expect to live there the rest of my life," and that Appellant had cut down pecan trees that he grafted in 1952. The testimony regarding the cutting of the trees was not improper. Although the evidence bordered on the sentimental, it probably did not cause an improper judgment. Counsel for Appellant also introduced tax renditions showing the property to be Appellee's homestead. Appellant did not object or ask for an instruction from the court when Appellee testified to these matters. Any objection to this testimony was waived. *Harlow v. Swift and Company*, 491 S.W.2d 472 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.).

Appellant next claims error because of improper jury argument. In final argument counsel for Appellee, referring to tax rendition forms signed by Appellee, said "and possibly the worse thing of all is this thing. That's a clear violation of evidentiary rules for this thing to be in evidence to the way it came in." Before Appellant objected the court stated to counsel and the jury that the exhibits were properly in evidence. Counsel for Appellee stated that the tax renditions were the opinion of the tax assessor-collector, to which an objection was sustained. Thereafter, Appellee's counsel continued telling the jury that "anybody who pays taxes knows that the county assesses at a certain percentage and at so much per hundred on that percentage. I'm a lawyer. I don't know what they mean. I know what they prove. Nothing. Except that Kee is willing to do almost anything to win this lawsuit." The objection was sus-tained. The statement that "Kee is willing to do almost anything to win this lawsuit" was personal criticism upon other counsel prohibited by T.R.C.P. 269(c) and improper.

The other argument should not have been necessary except that our law permits the introduction of tax renditions in condemnation cases as a declaration against interest. *West v. Houston Lighting & Power Co., supra.*

In almost every case of this type the record is marred by the introduction of this evidence which is of no value to the jury. In *Ft. Worth D. S. P. Ry. Co. v. Gilmore*, 13 S.W.2d 416 (Tex.Civ.App.—Amarillo 1928, no writ), Mr. Justice Randolph after holding that evidence relative to value of land rendered was admissible as a declaration against interest said, "while under the custom of rendition for far less than the value of property, this evidence has little if any, probative force, yet our courts have held it admissible." In 51 years since that opinion the custom has not changed nor has the probative force of this type of evidence. In 22 Tex.Jur.2d Eminent Domain § 295 at 416 (1961) the following statement is made: ". . . the evidence is always open to the comment that the taxation figures have little probative force by reason of the notorious custom of rendering property for less than it is worth."

Although we believe that some of the statements were improper, we do not conclude, after reviewing the entire record, that these comments probably caused the rendition of an improper verdict.

Appellant contends that counsel for Appellee implored the jury to return a verdict based on "who is being fair" rather than on the evidence. In his argument, counsel for Appellant told the jury he was certain they would return a fair verdict and "It is necessary for us to be here unless we just are going to open up and pay whatever to acquire these easements without regard to what reason is. And that's what I want to talk to you about is reason. Fairness and justice." In rebuttal counsel for the Appellee said, "You are justice. Period. And

just as a little stinger, I say figure out who is being fair and return your verdict accordingly." No objection to this argument was made. Whether the Appellee's comment was provoked or invited was a question for the trial court. Having failed to object, the Appellant has waived this objection. See 3 McDonald Texas Civil Practice § 13.14 (1971 rev. ed.).

Finally, it must be determined, after reviewing the entire record, whether the cumulative effect of all these comments probably caused the rendition of an improper verdict. The arguments of counsel were not objectionable, except as stated above. After reviewing the record we do not find that the incidents excepted to probably caused the rendition of an improper judgment.

Appellee's final point of error regarding remittitur has been considered and is overruled.

The Judgment is affirmed.