Dr. J. Dean HORTON, D.D.S., Appellant,

v.

DENTAL CAPITAL LEASING CORPORATION, Appellee.

No. 9063.

Court of Appeals of Texas, Texarkana.

Feb. 1, 1983.

Sam W. Russell, Russell & Rolston, Mount Pleasant, for appellant.

Richard B. Seward, Farmersville, for appellee.

CORNELIUS, Chief Justice.

Dr. J. Dean Horton appeals from a judgment awarding Dental Capital Leasing Corporation $31,668.64 as damages for breach of an equipment rental contract. The parties entered into an agreement whereby Dental Leasing would supply Dr. Horton with certain equipment for use in his practice. Dr. Horton was to make six payments of $52.50 and 78 payments of $790.36. In August 1979, Dr. Horton stopped making payments. Dental Leasing brought suit for the unpaid installments. Dr. Horton counter-claimed, alleging fraud in the inducement, deceptive trade practices, and that the agreement was a security transaction rather than a lease agreement. The jury returned a verdict favorable to Dental Leasing and judgment was entered on the verdict. Dr. Horton assigns error because the evidence was insufficient to support the jury's failure to find that Dental Leasing was a secured party, and that such fact was conclusively established; because no issue on money damages was submitted to the jury; and because he was denied the right to open and close argument.

Evidence is not required to support the jury's failure to find an affirmative fact, and since Dr. Horton had the burden of proof on his claim that the lease was in reality a security agreement, he can successfully complain on that basis only if that fact was established conclusively, or the jury's failure to so find is against the great weight and preponderance of the evidence. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973); *Visage v. Marshall,* 632 S.W.2d

667 (Tex.App.—Tyler 1982, writ ref'd n.r. e.). The agreement in question here is denominated a lease, but it contains an option to purchase the equipment at the end of the lease term. If the option price in such an agreement is nominal, the instrument is constituted in law a security interest. Tex. Bus. & Com.Code Ann. § 1.201(37) (Vernon 1968); *Davis Brothers v. Misco Leasing, Inc.,* 508 S.W.2d 908 (Tex.Civ.App.—Amarillo 1974, no writ). Two alternative tests are used to determine if the option price is nominal. The first is to compare the option price to the market value of the equipment at the time the option is exercisable. If the option price is substantially less than the market value, the option price is nominal. The second test is to determine whether the terms of the option do not leave the lessee with any sensible alternative but to exercise the option. The two tests are not cumulative, but are alternative. See *Woods-Tucker Leasing Corp. v. Hutcheson-Ingram,* 626 F.2d 401 (5th Cir.1980); *Brokers Leasing Corp. v. Standard Pipeline Coating Co.,* 602 S.W.2d 278 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Southwest Park Outpatient Surgery, Ltd. v. Chandler Leasing Division,* 572 S.W.2d 53 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). If the evidence shows the option price is not nominal, the instrument is not conclusively deemed a security agreement. Here, the instrument itself provides that the option price is the fair market value at the time the option is exercised. Indeed, both parties concede that the option price is not nominal. The instrument, therefore, has not been conclusively established to be a security agreement. Even under the second test, the agreement would not be conclusively deemed a security interest. There was testimony from which the jury could conclude that the equipment at the time the option was exercisable might well be obsolete or in a deteriorated state, thus making it possible that Dr. Horton would not want to exercise the option for those reasons. Other facts may establish that the parties intended the instrument to be a security interest even though the consideration is not nominal, but on that issue here there was considerable evidence, and we do not find that evidence to be such as conclusively establishes that the parties intended the instrument as a security, or that a failure to so find is against the great weight and preponderance of the evidence.

The point that an issue on damages was necessary is not well taken. The damages would be uncertain only if the agreement constituted a security agreement and evidence of the value of the equipment at the time of default became relevant. Since the jury failed to find the instrument to be a security agreement, the damages were the amount of unpaid lease rentals, and their amounts were undisputed. An issue on an undisputed fact need not be submitted to the jury. *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971); *Wingfield v. Bryant,* 614 S.W.2d 643 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.).

Dr. Horton contends he should have been given the right to open and close argument. In order for a defendant to have the right to open and close, he must have the burden of proof on the whole case under the pleadings or have the burden of proof on all issues submitted. *Walker v. Money,* 132 Tex. 132, 120 S.W.2d 428 (1938); *Cano v. Macarena,* 606 S.W.2d 718 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd); *Community Public Service Co. v. Andrews,* 590 S.W.2d 563 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Meece v. Wade,* 512 S.W.2d 372 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.) (holding *Walker v. Money,* supra, applicable to Rule 269(a)); Tex.R.Civ.P. 269(a). Dental Leasing, as plaintiff, had the burden of proof on the issue of attorney's fees. Since Dr. Horton did not have the burden on all issues, the trial court properly denied his request to open and close argument.

Additionally, there has been no showing that the denial of the right to open and close was calculated to and probably did cause the rendition of an improper judgment, as is required to constitute the denial a reversible error. *Francis v. Stanley,* 574 S.W.2d 629 (Tex.Civ.App.—Fort Worth 1978, no writ); *Seureau v. Mudd,* 515 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.); *Western Fire*

*Insurance Company v. Reyna,* 495 S.W.2d 57 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.

BLEIL, Justice, concurring.

I agree that the trial court's judgment should be affirmed. Horton's claim that he showed conclusively that the lease constituted a security interest lacks merit. Because the lease provided that he could become the owner of equipment for additional non-nominal consideration, the determination of whether the lease was intended for security was a fact question. *Federal Sign and Signal Corp. v. Berry,* 601 S.W.2d 137 (Tex.Civ.App.—Austin 1980, no writ); *Tackett v. Mid-Continent Refrigerator Co.,* 579 S.W.2d 545 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.); *Davis Brothers v. Misco Leasing, Inc.,* 508 S.W.2d 908 (Tex. Civ.App.—Amarillo 1974, no writ); Tex. Bus. & Com.Code Ann. § 1.201(37) (1968). The jury's failure to find the fact that the lease was intended for security makes discussion of whether the option price is nominal unnecessary.