**In re Marvin Neale OERKE and wife, Shirley Ann Oerke, Debtors.**

**Bankruptcy No. 285–20429.**

United States Bankruptcy Court, N.D. Texas, Amarillo Division.

July 28, 1986.

Dan C. Coffey, Dalhart, Tex., and Thomas Paty Stamps, Zusmann, Small, Stamps & White, Atlanta, Ga., for debtors.

William S. Leach, Gibson, Ochsner & Adkins, Amarillo, Tex, for Lindsay Leasing Corp.

William T. Neary, U.S. Trustee, U.S. Dept. of Justice, Dallas, Tex., United States Trustee.

JOHN C. AKARD, Bankruptcy Judge.

## MEMORANDUM OF OPINION

On December 16, 1985, Marvin Neale Oerke and his wife, Shirley Ann Oerke (the Oerkes), filed a petition for relief under Chapter 11 of the Bankruptcy Code. On March 26, 1986, Movant, Lindsay Credit Corporation, filed its Motion to Compel Assumption or Rejection of three equipment leases. After hearing the testimony and considering the briefs of the parties, the Court enters the following opinion:

In 1981, the Oerkes entered into three lease agreements with Lindsay Credit Corporation and Dekalb Equipment Leasing Corporation.[1] The Oerkes agreed to lease three sprinkler systems and other equipment for use on their farm. The leases were for a term of seven years and provided for periodic yearly rentals. The leases also provided that, when ititial term of the lease expired, the lessee could elect to purchase the sprinkler systems upon sixty days prior notice to the lessor. The agreed purchase price was to be the fair market value of the equipment. The question before the Court is: Are the sprinkler system leases disguised security agreements, or are they true leases and, thus, subject to 11 U.S.C. § 365?

TEX.BUS. & COM.CODE ANN. § 1.201(37) (Vernon Supp.1986) defines a security interest as follows:

(37) "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. .... Unless a lease or consignment is intended as security, reservation of title thereunder is not a "security interest" but a consignment is in any event subject to the provisions on consignment sales (Section 2.326). *Whether a lease is intended as security is to be determined by the facts of each case;* however, (A) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (B) an agreement that upon compliance with terms of the lease the lessee

---

1. The DeKalb leases were subsequently assigned to Lindsay Credit Corporation.

**2**

shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security. [Emphasis added.]

Thus the Court is directed to look to the intent of the parties which may be determined by looking at the option to purchase. Although an option to purchase does not make the lease a security agreement, if the lessee has the option to purchase at either no value or at a nominal value, then the Court must find that the leases in question are security agreements.

Texas cases hold that the keys to determining whether a lease agreement containing an option to purchase is a security agreement or a true lease are: (1) the parties' intent in the light of the facts and circumstances of each case and (2) whether the option to purchase is available to the lessee at fair market value. *Davis Brothers v. Misco Leasing, Inc.*, 508 S.W.2d 908 (Tex.Civ.App.—Amarillo 1974, no writ). With respect to intent, in this case there is insufficient evidence as to the intent of the parties at the time the lease was executed to determine whether or not the parties intended the lease to serve as a security agreement or not.

Therefore, the Court must look to the substance of the document to determine whether the transaction involved is a lease, a conditional sale, or a security agreement. *Pacific Express, Inc. v. Teknekron Infoswitch Corp. (In re Pacific Express, Inc.*, 780 F.2d 1482 (9th Cir.1986); *Davis Brothers v. Misco Leasing, Inc., supra* at 912–913. In the instant case, the options in the leases in question give the lessee the opportunity to purchase the equipment at its fair market value. The lessees do not gain equity in the equipment during the term of the lease, have no obligation to purchase the equipment, and rental installments are not applied to the option price. The fair market value of the equipment is to be determined by the parties at the time of the exercise of the option. There is no evi-

dence that the lease term spans the effective useful life of the sprinkler system requiring the Court to find that the parties intended a sale. *In re Peacock*, 6 B.R. 922, 926 (Bankr.N.D.Tex.1980); *In re Teel*, 9 B.R. 85, 88–89 (Bankr.N.D.Tex.1981). In the instant case, the option price is not to be substantially less than the market value. In fact, the option specifically states that it is to be at fair market value at the time of the exercise of the option to be determined by negotiation between the parties. If the parties are unable to agree, the fair market value is to be determined by independent appraisal. Thus, the leases in question are not security agreements but are true leases and subject to 11 U.S.C. § 365. *See, Horton v. Dental Capital Leasing Corp.*, 649 S.W.2d 655 (Tex.App.—Texarkana 1983, no writ).

Order accordingly.[2]

**2.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.