511 S.E.2d 132

Samuel N. RUNNER and Janice
L. Runner, Appellees,

v.

The CADLE COMPANY, Appellant.

No. 24976.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 23, 1998.

Decided Dec. 9, 1998.

Michelle Widmer–Eby, Esq., Widmer, Coombs & Gaydos, Morgantown, West Virginia, Attorney for the Appellees.

Thomas H. Fluharty, Esq., H. Keith Skeen, Esq., Clarksburg, West Virginia, Attorneys for the Appellant.

MAYNARD, Justice:

This case is before this Court upon an appeal of a final order of the Circuit Court of Monongalia County entered on August 4, 1997. The order was entered pursuant to a jury verdict in favor of the appellees and plaintiffs below, Samuel and Janice Runner. In this appeal, the appellant, the Cadle Company, contends that the circuit court erred by allowing the jury to view an exhibit during deliberations which was never admitted in evidence. The Cadle Company also cites as error the circuit court's refusal to give one of its proposed jury instructions.

This Court has before it the petition for appeal, all matters of record, and the briefs of counsel. For the reasons set forth below, we reverse the final order of the circuit court.

I.

This case arises out of a previous civil action instituted by the Runners in 1990 to prevent the Cadle Company from foreclosing on property they owned in Collier County, Florida. Following a non-jury trial held on January 27, 1992, the circuit court awarded the Cadle Company a judgment against the Runners in the amount of $7,016.00. The

In light of our resolution of this case, we decline    to address these issues.

circuit court also ordered that a lien which the Cadle Company held against the Runners' Florida property be released upon payment of the judgment.

On February 11, 1992, the Runners issued a check to the Cadle Company for the total judgment amount. Subsequently, the Cadle Company appealed the circuit court's order to this Court. We refused the appeal. Thereafter, the lien on the Runners' property was released. However, the release was not executed and recorded until February 1993.

On June 7, 1994, the Runners brought this second civil action against the Cadle Company. The Runners alleged that they had suffered damages because the sale of their Florida property could not be finalized in early 1993 due to the Cadle Company's non-release of the aforementioned lien. The Runners further alleged that their inability to sell their property caused them economic damages in the form of higher interest rates on a mortgage, loss of non-refundable down payments, and attorney fees.

A jury trial was held on July 30, 1997. During the trial, both parties testified that they believed that the March 16, 1992 order in the first civil action had the effect of releasing the lien on the Runners' property. In fact, the Runners testified that they listed their property for sale after this Court refused the appeal in the first action on July 9, 1992.

During trial, the Runners attempted to introduce a contract dated November 6, 1992, for the sale of their Florida property. The sales agreement required that the closing for the real estate take place on or before January 6, 1993. However, the contract bore only the signatures of the buyers, and the Cadle Company objected on the basis that the contract was unenforceable and, therefore, should not be considered by the jury as an element of damages suffered by the Runners. The Court did not rule upon the objections, and as a result, the Runners rested their case without the contract being admitted in evidence. Nonetheless, the contract was sent to the jury along with other properly admitted documents for consideration during deliberations.

Prior to trial, the Cadle Company submitted a proposed jury instruction which essentially stated that a contract for the sale of land was not enforceable unless the contract was in writing and signed by the parties. The instruction further stated that if the contract was not enforceable, it could not be considered as an element of damages. The circuit court refused to give the instruction to the jury. After a one-day trial, the jury rendered a verdict in favor of the Runners in the amount of $12,555,000.

II.

■ We first consider whether the trial court erred by allowing the jury to use the contract during deliberations. Generally, the use of either real or demonstrative evidence is left within the discretion of the trial court. For example, in Syllabus Point 9 of State v. Panetta, 85 W.Va. 212, 101 S.E. 360 (1919), this Court held that:

> It is within the sound discretion of the trial court to permit weapons used in the commission of the crime and the garments worn by [the] deceased at the time he was killed showing marks of violence, which have been identified and given in evidence, to be carried by the jury to their room when they retire to consider of their verdict.

See also Syllabus Point 7, State v. Ferguson, 165 W.Va. 529, 270 S.E.2d 166 (1980), overruled on other grounds, State v. Kopa, 173 W.Va. 43, 311 S.E.2d 412 (1983). In this case, however, the trial court allowed the jury to view a document which was introduced during trial, but was never admitted in evidence.

Although we have not had an occasion to address this specific issue, several other jurisdictions have considered the matter and concluded that "it is improper or error, constituting in some cases reversible error, to permit the jury, even by mistake, to take with them to the jury room papers or articles not properly in evidence and which would tend to influence the verdict." 89 C.J.S. Trial § 467 (1955). See also 75B Am.Jur.2d Trial § 1669 (1992). Generally, reversible error has been found where prejudice resulted from the jury considering the exhibit which was never admitted in evidence. Id.

For instance, in Beasley v. Washington, 169 Mich.App. 650, 427 N.W.2d 177, 181 (1988), the Michigan Court of Appeals found

that the plaintiff in a personal injury action arising out of an automobile accident was substantially prejudiced by submission of a police report to the jury which had not been admitted in evidence. The report indicated that the plaintiff was assessed a hazardous action number and that his van left forty feet of skid marks. The court concluded that the jury's determination that the plaintiff was forty-nine percent at fault was probably influenced by the police report.

More recently, *in Lester v. Sayles*, 850 S.W.2d 858, 864 (Mo.1993), the Supreme Court of Missouri found that the trial court had no discretion to allow the jury to use a damage chart during deliberations which was prepared by counsel but was not admitted in evidence. The court concluded that the jury had been influenced by the chart because damages were set in the exact amount listed as the "high total damage award." The jury verdict was, therefore, reversed.

Other jurisdictions have found no error where the trial court refused to allow the jury to view exhibits which were not admitted in evidence during trial. *See Francis v. Stanley*, 574 S.W.2d 629, 633 (Tex.Civ.App. 1978) (finding no error in trial court's refusal to allow the jury to inspect certain tax receipts which were marked as exhibits and identified, but were never admitted in evidence); *Zagarri v. Nichols*, 429 S.W.2d 758, 761 (Mo.1968) (court did not err by refusing to send a plat to the jury room which was never offered or introduced in evidence).

■ In accordance with the general rule, we hereby hold that a trial court may not allow a jury to take exhibits not admitted in evidence to the jury room. Allowing a jury to take exhibits to the jury room not admitted in evidence or those offered but excluded from evidence may constitute reversible error where prejudice results therefrom.

After reviewing the record in case *sub judice*, we find that the Cadle Company was prejudiced by submission of the contract to the jury. The Runners alleged that they had incurred damages as a result of being unable to sell their Florida property in January 1993 because of the Cadle Company's failure to timely release its lien on the property. The contract at issue was offered as proof that the Runners would have been able to sell the property at that time but for the actions, or in this case inaction, of the Cadle Company. Obviously, the verdict of $12,555.00 in favor of the Runners was influenced by the jury's consideration of the contract. Thus, the trial court committed reversible error and a new trial is warranted. Because we find that a new trial is warranted, we need not address the Cadle Company's second assignment of error.

Accordingly, based upon all of the above, the final order of the Circuit Court of Monongalia County entered on August 4, 1997, is reversed, and this case is remanded for a new trial.

Reversed and remanded.

Chief Justice DAVIS, Justices WORKMAN and McCUSKEY, and Judge PANCAKE, sitting by special assignment, joined in the Opinion of the Court.

Justice STARCHER, deeming himself disqualified, did not participate in the decision of this case.

Justice McGRAW did not participate in the decision of this case.