# IN THE COURT OF APPEALS OF IOWA

No. 22-1651
Filed November 8, 2023

**LINUS F. VOVES and LINDA K. VOVES,**
　　Plaintiffs-Appellants,

**vs.**

**TYLER HANSEN and NOELLE HANSEN,**
　　Defendants-Appellees.
_____

　　Appeal from the Iowa District Court for Chickasaw County, John Sullivan, Judge.

　　A claimant appeals the district court's order denying a petition for quiet title.

**REVERSED AND REMANDED FOR NEW TRIAL.**

　　Siobhan Briley of Pugh Hagan Prahm PLC, Coralville, for appellants.

　　Jeremy L. Thompson of Putnam, Thompson & Casper, P.L.L.C., Decorah, for appellees.

　　Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

A district court explicitly cited and made express credibility findings based on an affidavit that was never admitted into evidence. In this appeal, we must determine whether that error requires reversal. Applying our prejudice analysis for nonconstitutional errors, we find it does. We reverse and remand for a new trial.

The underlying facts are not particularly necessary to understand the error. Linus and Linda Voves own property neighboring Tyler and Noelle Hansen in New Hampton. The parties dispute ownership of a small parcel, 2/10 of an acre, and the Voves family also brought claims related to the property line and alleged trespass. Some of the contested factual questions include whether Linus knew the land belonged to the Hansen family, whether the parties understood the language of a quit-claim deed, and whether certain statements were made between members of each family. *See Voves v. Hansen*, No. 20-1251, 2021 WL 3392816, at *2–3 (Iowa Ct. App. Aug. 4, 2021) (finding genuine issues of material fact in this dispute precluded summary judgment).

A contested trial was held with multiple witnesses. Dennis Hansen did not testify. Yet the district court ruling[1] expressly cited Dennis's testimony by affidavit:

> The Court finds that Linus is not a credible witness. The Affidavit of Dennis Hansen, which was submitted to the Court without objection, indicates that as early as the 1980s Linus knew about this 2/10-acre parcel and that he wanted to try and work out some type of exchange with the Hansens in order to secure this parcel. The Court finds Dennis Hansen's affidavit testimony of Linus Voves's knowledge corroborated by the fact that the legal descriptions of the 19-acre tract, both in the real estate installment contract and the warranty

---

[1] The district court's ruling includes a spelling error for one of the parties, which we have corrected without brackets.

deed, did not contain the legal description for the triangle property in question.

The ruling specifically claimed the affidavit "was submitted to the Court without objection."

On appeal, the parties stipulated that "[n]either party offered Dennis Hansen's affidavit as an exhibit to be admitted at trial, nor was the affidavit identified as a proposed trial exhibit on either party's trial exhibit list." The parties further agreed the district court admitted two other exhibits that were not offered into evidence at trial, although neither of those exhibits are at issue here. The filed stipulation also recounts a conversation one of the parties had with the district court clerk that uncovered the likely explanation for this snafu. In short, the three exhibits (including the Hansen affidavit) had been filed as proposed exhibits for the summary-judgment stage but never admitted. When the judge admitted the uncontested trial exhibits in the electronic interface, he likely admitted all of the summary-judgment exhibits and did not distinguish between evidentiary trial exhibits and exhibits supporting summary-judgment when rendering his ruling. The parties agree error was preserved and the issue is properly before us on appeal.

The briefing spars over whether the district court's error warrants reversal. The Voves family cites our court's published decision in *Ruden v. Peach*, 904 N.W.2d 410, 413–14 (Iowa Ct. App. 2017), where we discarded a credibility finding based on the district court's use of outside-the-record information—a report made to the court about a witness's behavior in the courthouse but not on the witness stand. Although there are some parallels between this case and *Ruden*, that case

does not squarely answer what standard or test we use to assess whether a fact-finder expressly considering outside-the-record evidence requires reversal. Neither do the parties' briefs. Rather than proffer a methodology to assess the error or supporting authority, the Hansen family argues some of the admitted evidence would have also supported the district court finding Linus not credible. Based on this remaining evidence, the Hansen family asserts we need not reverse. *Cf. Erickson v. Blake*, No. 15-0251, 2016 WL 1130578 (Iowa Ct. App. Mar. 23, 2016) (excluding improperly-admitted evidence from the court's de novo review).

In our own research, we have found authority from other jurisdictions addressing the comparable circumstance of jurors considering unadmitted evidence during deliberations. The case law in this area generally holds that prejudice is not presumed, but may be proven under the circumstances of each case. *See, e.g.*, *United States v. Walton*, 403 F. Supp. 3d 839, 847 (C.D. Cal. 2018) (finding no reversible error when jury received unadmitted exhibits, promptly notified the court, and the court issued a curative instruction); *Runner v. Cadle Co.*, 511 S.E.2d 132, 134 (W. Va. 1998) ("Allowing a jury to take exhibits to the jury room not admitted in evidence or those offered but excluded from evidence may constitute reversible error where prejudice results therefrom."); *State of Md. Deposit Ins. Fund Corp. v. Billman*, 580 A.2d 1044, 1050 (Md. 1990) ("The standard for evaluating whether a new trial should be granted under the circumstances here, where the jury deliberations included unadmitted documents, does not differ from a situation where the jury considers evidence admitted by the trial court which is later determined to have been erroneously admitted."); *State v.*

*Faulkner*, 33 P.2d 175, 177 (Kan. 1934) (declining to reverse after jury considered unadmitted exhibit because "there was other evidence supplying, perhaps less definitely, the same information there furnished").

We conclude our existing prejudice standards are sufficient to analyze this error. "[I]n a harmless error analysis where a nonconstitutional error is claimed, under rule 5.103(a) we presume prejudice—that is, a substantial right of the [appellant] is affected—and reverse unless the record affirmatively establishes otherwise." *State v. Sullivan*, 679 N.W.2d 19, 30 (Iowa 2004). We find the record in this case does not affirmatively establish a lack of prejudice.

Unlike a case where a jury receives unadmitted evidence and a judge admonishes jurors to not consider the evidence or otherwise issues a curative instruction, the court here was the finder of fact and did not disclaim reliance on the affidavit. *Cf. State v. Plain*, 898 N.W.2d 801, 814 (Iowa 2017) (explaining a cautionary instruction is often "sufficient to mitigate the prejudicial impact of inadmissible evidence"); *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (reversing a criminal sentence when the court considered information outside the record). To the contrary, the district court cited the unadmitted affidavit multiple times, and the court specifically used the affidavit to make a credibility finding about another witness.

We understand the Hansen family's argument there may have been other reasons to question Linus's credibility. But this does not cure the error given that "findings of fact in jury-waived cases shall have the effect of a special verdict." Iowa R. App. P. 6.907; *see Ruden*, 904 N.W.2d at 414 (finding "no basis for deferring to the court's credibility finding" when the relied-upon statement was not

in the record).  The Hansen family also urges the affidavit may have been cumulative to other evidence in the record.  But we find that argument unavailing given the court's explicit fact-findings and that the author of the affidavit did not testify at trial subject to cross-examination.  For these reasons, we cannot say the district court's reliance on the unadmitted affidavit was harmless.

The circumstances of this reversal are regrettable.  It is unfortunate these parties may be forced to bear the cost of another trial.  While there are some circumstances in which a fact-finder's consideration of unadmitted exhibits may be harmless, this case is not one of them.  We must set aside the judgment and re-affirm that Iowans should be able to trust that courts will only decide cases based on the evidence before them.

**REVERSED AND REMANDED FOR NEW TRIAL.**