George Frank MEECE, III, et al., Appellants,

v.

Bob G. WADE, Appellee.

No. 12164.

Court of Civil Appeals of Texas, Austin.

July 24, 1974.

Rehearing Denied Aug. 14, 1974.

Will G. Barber, Charlie D. Dye, Brown, Maroney, Rose, Baker & Barber, Phil Mockford, Austin, for appellants.

Douglass D. Hearne, Stayton, Maloney, Hearne, Babb & Cowden, Austin, for appellee.

SHANNON, Justice.

This appeal stems from the denial by the trial court of appellants' motion to open and close argument to the jury. As we are of the opinion that the court correctly denied that motion, the judgment will be affirmed.

Appellee, Bob G. Wade, an architect, sued appellants, George Frank Meece, III, Jerald R. Senter, and St. Paul Fire & Marine Insurance Company, in the district court of Travis County for damages for breach of contract in connection with the design and construction of an office building complex in Austin. Appellants filed a counterclaim asserting appellee's malpractice as good cause for termination of the contract and alleging a large amount of damages resulting from the alleged malpractice. Upon trial to a jury, the court entered judgment allowing appellee $63,017.26 and denying appellants all relief.

In his trial petition appellee sought $36,591.00 for completed services, $19,022.-00 for unperformed services, and $15,000.-00 for attorney's fees. Appellants pleaded that appellee was guilty of malpractice in failing to provide adequate structural support for the building, in misrepresenting the cost of installing elevators, and in omitting electrical detail from the plans of the building. Appellants alleged total damages of $286,393.50 proximately resulting from appellee's alleged malpractice.

The charge contained seven special issues. By the close of the evidence, appellee had conclusively established all of the elements of his case except for the amount of profit that he would have made for supervision services had the contract not been terminated, and that element of damage was submitted by one special issue. The jury answered that appellee would have realized a $10,000.00 profit for supervision services had the contract not been terminated. Appellants' counterclaim was submitted by six other issues. The jury responded unfavorably to all of appellants' issues.

After the charge was prepared, appellants moved for the right to open and close jury argument. In that motion appellants stated that the burden of proof upon the whole case *as submitted by the court's charge* was upon them inasmuch as they had the burden of proving six special issues, and appellee had the burden of proving only one issue, that being "merely" a "relatively minor part of the damages."

The court denied appellants' motion, and instead permitted appellee to open and close jury argument. The court's denial of their motion is the basis for appellants' complaint on appeal.

Texas Rules of Civil Procedure, rules 266 and 269(a) are concerned, in general, with the right to open and close jury argument. Rule 266 provides in part as follows:

"Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant or all of the defendants, if there should be more than one, shall, after the issues of fact are

settled and before the trial commences, admit that the plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established on the trial . . . "

Rule 269(a) states:

"(a) After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case, or on all matters which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the argument; where there are several parties having separate claims or defenses, the court shall prescribe the order of argument between them."

Appellants do not contend that they had the right to open and close argument based upon that provision in Rule 269(a) which accords that right when a party has the burden of proof on *all* of the special issues. Appellants' claim is, instead, that they had the "burden of proof on the whole case," since they had the burden on all liability issues as well as one damage issue whereas appellee had the burden on only one issue.

The precursor of Rule 269(a) was Art. 1953, R.S.1911, which reads as follows: "After the evidence is concluded, the parties may submit the case to the jury in argument; the party having *under the pleadings* the burden of proof on the whole case shall be entitled to open and conclude the argument . . . " (Emphasis added)

In the revision of 1925, Art. 1953, R.S. 1911, was brought forward as Art. 2183, slightly changed, so as to read as follows: "After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument . . . " It is seen that the phrase

"under the pleadings," appearing in the revision of 1911, was omitted in the codification.

With the adoption of the Rules of Civil Procedure in 1941, Art. 2183 was incorporated into Rule 269(a), the only substantive change being the addition of the language, ". . . or on all matters which are submitted by the charge."

In Walker v. Money, 132 Tex. 132, 120 S.W.2d 428 (1938), the contention was made that the omission of the phrase, "under the pleadings," in the 1925 revision evidenced an intention on the part of the legislature to change the law with reference to the right to open and conclude argument, so as to mean that the question of which party has "the burden of proof on the whole case" was to be determined not by the pleadings but instead by the charge. The Supreme Court rejected that contention and held that the omission of that phrase did not evidence an intention to change the rule since the determination of which party had the "burden of proof on the whole case" must necessarily involve a consideration of the pleadings.

As the pertinent language of Art. 2183 was incorporated without change into Rule 269(a), we are of the opinion that Walker v. Money, *supra*, should control the disposition of this appeal.

Also of assistance in the resolution of the problem in this appeal is the opinion of the Subcommittee on Interpretation of Rules that under Rules 266 and 269(a) the plaintiff has the right to open and close jury argument, except (1) wherein the burden of proof on the whole case *under the pleadings* rests upon the defendant, or (2) wherein the defendant has the burden of proof on all matters which are submitted by the charge to the jury, or (3) wherein the defendant, before the trial begins, files a written open and close admission. 5 Tex.B.J. 95 (1942).

As appellee had the burden of proof on the whole case under the pleadings, and as

appellants did not have the burden of proof on *all* of the special issues, the court properly permitted appellee to open and close argument to the jury.

The judgment is affirmed.