**A. L. HUCKABY, Appellant,**

v.

**Marie HENDERSON, Independent Executrix Under the Will of Frank K. Jones, Deceased, Appellee.**

**No. 17996.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 19, 1981.

Rehearing Denied Jan. 7, 1982.

Gladys R. Goffney, Houston, for appellant.

Carl T. Schultz, Green, Downey, Patterson & Schultz, Houston, for appellee.

Before EVANS, C. J., and WARREN and STILLEY, JJ.

EVANS, Chief Justice.

This is a suit by the Independent Executrix under the will and of the estate of Frank K. Jones, deceased, to cancel a deed purportedly executed and delivered by the decedent to the defendant A. L. Huckaby. This deed bears a date two years prior to the decedent's death but was not recorded until after his death. On the jury's finding that the deed was a forgery, the trial court entered judgment in favor of the Independent Executrix, and the defendant brings this appeal. The judgment will be affirmed.

In his first two points of error, the defendant contends that the trial court erred in refusing to grant his motion for judgment non obstante veredicto, claiming that the jury's finding of forgery was not supported by sufficient evidence. Although the defendant argues both factual and legal insufficiency, these points, as framed, must be viewed as "no evidence" points. *Chemical Cleaning, Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276 (Tex.1970). Therefore, this court will review only that evidence which tends to support the trial court's judgment. *Malloy v. City of El Paso*, 602 S.W.2d 383, 384 (Tex. Civ.App.—El Paso 1980, writ ref'd n.r.e.).

The Independent Executrix presented the testimony of a qualified handwriting expert who gave his opinion, based upon comparison of numerous handwriting samples, that the signature on the deed in question was not that of the decedent. There was also evidence from which the jury could have concluded that on the date the deed was purportedly executed and delivered, the decedent remained at home and was not visited by the defendant. It was also shown that both of the witnesses to the deed and the notary public who purportedly took the decedent's acknowledgment were all related to the defendant.

When reviewing a no evidence point, the reviewing court must consider all testimony in a light most favorable to the party in whose favor the judgment was entered, indulging every reasonable intendment deducible from the evidence in that party's favor. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 550 (1962). Under this standard of review, there is evidence of probative force in the record to support the jury's finding. The first two points of error are overruled.

In his third point of error, the defendant contends that the trial court erred in refusing to permit his second handwriting witness to testify at trial, and in his sixth point of error he complains that the trial court erred in rejecting his testimony on the ground that it involved transactions with the decedent. The defendant has not, by bill of exception or otherwise, shown what the excluded testimony would have been. This court is unable, therefore, to determine the character and nature of the excluded testimony and the influence it would likely have had on the jury. Thus, no reversible error has been shown. *LeNoble v. Weber, Hall, Cobb and Caudle, Inc.*, 503 S.W.2d 321 (Tex.Civ.App.—Tyler 1973, no writ); Tex.R.Civ.P. 372.

In his fourth point of error the defendant contends that the trial court erred in allowing the testimony of the plaintiff's real estate appraiser concerning the value of the property on the date of the purported conveyance. The defendant objected to such testimony on the ground that the value of the property was not in issue and that the testimony was irrelevant. The record reflects that the defendant failed to obtain a ruling of the trial court on this objection, and no motion was made to strike the testimony or to instruct the jury to disregard such testimony. Thus, the point was not preserved for review. *Swinney v. Winters*, 532 S.W.2d 396 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). Furthermore, in a suit to cancel a conveyance on equitable grounds, evidence regarding the adequacy of the consideration for such conveyance is generally a relevant fact to be considered. *King v. Cliett*, 31 S.W.2d 350, 354 (Tex.Civ.App.—Waco 1930, writ ref'd).

In his fifth point of error the defendant contends that the trial court erred in submitting an issue to the jury with respect to the adequacy of consideration paid to the decedent, arguing that such evidence was legally and factually insufficient to support the submission of such an issue. This point raises only a "no evidence" question, because the trial court is required to submit an issue to the jury if there is any evidence presented with respect to that issue. *Smith v. State*, 523 S.W.2d 1 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Because the jury's finding of forgery will sustain the trial court's judgment regardless of whether the evidence would be legally sufficient to support a finding on the inadequacy of consideration, there is no necessity for this point to be considered.

The trial court's judgment is affirmed.