**4M LINEN & UNIFORM SUPPLY CO., INC., Appellant,**

v.

**W.P. BALLARD & CO., INC., Appellee.**

No. 01–88–00855–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 10, 1990.

Rehearing Denied July 19, 1990.

Andrew J. Mytelka, John A. Buckley, Jr., Galveston, for appellant.

Robert E. Lapin, Galveston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## ON MOTION FOR REHEARING

O'CONNOR, Justice.

This is an appeal from a suit on a sworn account. We grant appellant's motion for rehearing, withdraw our original opinion issued November 16, 1989, and substitute the following opinion.

W.P. Ballard & Co., Inc. (Ballard & Co.) filed suit on a sworn account against 4M Linen & Uniform Supply Co., Inc. (4M Linen). In response, 4M Linen filed a counterclaim alleging breach of implied warranty, breach of contract, and violation of the Deceptive Trade Practices Act (DTPA).[1] Before trial, on stipulated facts, the court entered an instructed verdict for Ballard & Co. for $51,996.11 on its sworn account claim and on 4M Linen's counterclaim. After the evidence, the trial court submitted Ballard & Co.'s issue on attorney's fees, and 4M Linen's defensive issues on misrepresentations and breach of warranties. The jury answered all the issues in favor of Ballard & Co. The trial court disregarded the finding on attorney's fees, and signed a judgment awarding Ballard & Co. $51,996.11, plus interest. Both parties appealed. We modify and affirm the judgment.

This suit arises out of a contract between Ballard & Co. and 4M Linen, under which Ballard & Co. supplied laundry products, produced and recommended by Diamond Shamrock, to 4M Linen. A sales representative for Ballard & Co. visited the 4M Linen plant each week to inventory 4M Linen's supplies. Based on that inventory, Ballard & Co. delivered chemicals. 4M Linen paid Ballard & Co. for the chemicals until July 1985. Beginning in June, 4M Linen started having problems with mildew. 4M Linen refused to pay Ballard & Co. for the supplies that it delivered from July 1985 through October 1985. The main issue at trial was whether Ballard & Co. had a duty to tell 4M Linen that Tex–Stat, one of the chemicals recommended by Diamond Sham-

rock and supplied by Ballard & Co., was not a mildewcide.

### 1. Plea in abatement

In its first point of error, 4M Linen claims the trial court erred when it overruled its plea in abatement. Before this case went to trial, 4M Linen filed a plea in abatement in this suit (the Harris County suit), arguing that another suit involving the same facts was already on file in Galveston County (the Galveston County suit). In its plea in abatement, 4M Linen alleged that: it filed the Galveston County suit 13 days before Ballard & Co. filed the Harris County suit; Ballard & Co. was served with citation in the Galveston County suit the day before 4M Linen was served with the citation in the Harris County suit. Both sides admit there was a hearing and that the trial court overruled the plea.

The general rule is that the first court in which a suit is filed has dominant jurisdiction over other courts of equal stature. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Lamar Sav. Ass'n v. White*, 731 S.W.2d 715, 716 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding). The party who filed the first suit may, however, be estopped from asserting the jurisdiction of the first court. *See V.D. Anderson Co. v. Young*, 128 Tex. 631, 636–37, 101 S.W.2d 798, 800 (1937).

Estoppel is a fact issue that must be determined by the trial court where the plea in abatement is filed. *Parr v. Hamilton*, 437 S.W.2d 29, 31 (Tex.Civ.App.—Corpus Christi 1968, no writ). If a defendant files a plea in abatement in the second trial court, and the second court resolves the fact issue against the proponent of the plea, the second court becomes vested with dominant jurisdiction. *Id.* That ruling postpones the action in the first court until the second court finally disposes of the case. *Id.*

In order to judge the propriety of the trial court's ruling on the plea in abatement, we must review a statement of facts. *Advance Ross Electronics Corp. v. Green*,

1. TEX.BUS. & COM.CODE ANN. sec. 17.46 (Vernon 1987).

624 S.W.2d 316, 317 (Tex.App.—Tyler 1981, writ ref'd n.r.e.). Without a statement of facts, we must presume the evidence supported the court's ruling. *Id.* at 317.

We have no statement of facts from the hearing on the plea in abatement. Nor do we have the benefit of the response filed by Ballard & Co. to 4M Linen's plea. The only documents 4M Linen brought forward for the appeal on this issue are the plea in abatement and the order overruling it. 4M Linen argues that it was Ballard & Co.'s burden to bring forward a record of the hearing on the plea in abatement to prove that it raised the estoppel exception.

Not so. Under TEX.R.APP.P. 50(d), the party who asks us to review a ruling of the trial court must provide the record that shows error. *Petitt v. Laware,* 715 S.W.2d 688, 690 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *see also Green,* 624 S.W.2d at 317. Because 4M Linen asks us to review a ruling the trial court made in Ballard & Co.'s favor, it was 4M Linen's burden to provide us with a record showing reversible error.

We overrule 4M Linen's first point of error.

2. The bill of exception

In its second point of error,[2] 4M Linen contends the trial court erred in excluding part of the testimony of its expert witness, Chad Keith, which it preserved in an informal bill of exceptions. In our earlier opinion, we overruled the point because 4M Linen did not make an informal bill before the court submitted the charge to the jury. On rehearing, 4M Linen contends the trial court erred when it refused to permit it to make an informal bill of exceptions before the jury retired to consider the charge. We agree and reconsider our holding on appellant's second point of error.

When 4M Linen tried to question Keith about a statement in a letter Diamond Shamrock sent to 4M Linen, Ballard & Co. objected. After the court sustained the objection, 4M Linen deferred further questions of that witness on that subject until a later bill of exceptions. 4M Linen did not outline what it planned to prove through Keith's testimony.

At the charge conference, 4M Linen reminded the court that it wanted to make its bill of exceptions *before* the court submitted the charge to the jury. The court refused, but said it would permit 4M Linen to make a bill during the jury's deliberations. The court noted that if it decided it was error to exclude the evidence, it could grant 4M Linen a new trial.

After the jury retired to consider the charge, 4M Linen made its bill of exceptions by eliciting testimony from Keith before the court and opposing counsel, for the court reporter to include in the statement of facts. To begin the bill, 4M Linen asked that the two questions 4M Linen asked Keith during the trial be read to him from the court reporter's notes. In response to those questions, Keith testified that a product identified as a mildewcide should kill and prevent mildew, and that the letter did not supply a lot of information about the product. In response to questions that were not asked during the trial, Keith testified that a linen supply dealer in the Gulf Coast area would have reason to know that a linen company required a mildewcide, and that a linen supply company in this area would have run across the mildew problem many times.

■ There are two kinds of bills of exception: the informal bill and the formal bill. *Compare* TEX.R.APP.P. 52(*b*) to 52(*c*). An informal bill of exception preserves error if: (1) an offer of proof is made before the court, the court reporter, and the opposing counsel, outside the presence of the jury; (2) it is preserved as part of the statement of facts; (3) and it is made before the charge is read to the jury. TEX. R.APP.P. 52(b).

Rule 52(b) permits a party to make an informal bill of exception before the court reads the charge to the jury. *McKinney v. National Union Fire Ins. Co.,* 747 S.W.2d 907, 910 (Tex.App.—Fort Worth 1988), *aff'd,* 772 S.W.2d 72 (Tex.1989). 4M Linen

---

**2.** First point of error on rehearing.

made its informal bill of exception after the charge was read to the jury.

Rule 52(b) states:

When the court excludes evidence, *the party offering same shall as soon as practicable, but before the court's charge is read to the jury, be allowed* to make, in the absence of the jury, an offer of proof in the form of a concise statement.

(Emphasis added.)

■ The rule is mandatory. The trial court must permit a party to make an *informal* bill before the jury is charged. *Dorn v. Cartwright,* 392 S.W.2d 181, 185–86 (Tex.Civ.App.—Dallas 1965, writ ref'd). Here, 4M Linen specifically reminded the court that it wanted to make an informal bill *before the court read the charge to the jury.* The court refused, and granted 4M Linen permission to make the bill after the charge was read.

■ Under rule 52, it was error to refuse 4M Linen permission to make an informal bill. Our task now is to determine whether the error was reasonably calculated to cause and probably did cause harm. TEX.R. APP.P. 81(b)(1); *see also Houston Lighting & Power Co. v. Russo Properties, Inc.,* 710 S.W.2d 711, 717 (Tex.App.—Houston [1st Dist.] 1986, no writ).

To appeal the trial court's exclusion of evidence, the complaining party must present the evidence that was excluded to the appellate court in a bill of exception. *Huckaby v. Henderson,* 635 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Because the appellate courts cannot evaluate excluded evidence unless it is preserved in a bill, it is reversible error for the trial court to refuse to permit a party to make a bill of exceptions. Here, however, although the trial court incorrectly prevented 4M Linen from making an informal bill before the charge was read to the jury, 4M Linen made a late informal bill, preserving that testimony.

On the late informal bill, Keith testified that a linen supply dealer in the Gulf Coast area would have reason to know that a linen company required a mildewcide, and

that a linen supply company in this area would have run across the mildew problem many times. We hold this testimony was not relevant. There was no evidence in this case that Ballard & Co. had a duty to 4M Linen to do anything but supply the chemicals 4M Linen ordered. The laundry products were recommended to 4M Linen by Diamond Shamrock, not by Ballard & Co.

We overrule 4M Linen's second point of error.

### 3. Right to open and close

In its third point of error, 4M Linen argues the trial court erred in denying it the opportunity to open and close on final argument, in violation of TEX.R.CIV.P. 266 and 269. Before trial, the court granted a motion for directed verdict on 4M Linen's stipulation of liability on the sworn account. Ballard & Co.'s only remaining issue to go to the jury was attorney's fees. 4M Linen contends the trial court should have permitted it to open and close the argument because the central issue was its DTPA claim.

There are two rules that control the order of final argument: TEX.R.CIV.P. 266, which governs both the order of presenting evidence and final argument; and TEX.R. CIV.P. 269, which governs the argument.

■ Rule 266, which is subject to rule 269, provides that the plaintiff has the right to open and close argument. There are two exceptions in rule 266. First, a defendant has the right to open and close if the burden of proof for the entire case under the pleadings is on defendant. TEX. R.CIV.P. 266. Second, a defendant has the right to open and close if, before trial begins, defendant admits that plaintiff is entitled to recover, subject to proof of defensive allegations in the answer. *Id.*

Rule 269 provides that the party who has the burden of proof on the whole case, *or* the party who has the burden on all matters in the charge, has the right to open and close the argument. TEX.R.CIV.P. 269(a). There is an exception in rule 269: When there are several parties who have

separate claims or defenses, the court "shall" determine the order of argument.

4M Linen claims that it had the right to open and close the argument because it had the burden of proof on the whole case and cites three cases in support of its point of error. In *Community Public Serv. Co. v. Andrews,* 590 S.W.2d 563, 566 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), this Court found the trial court properly permitted defendant to open and close because defendant had the burden of proof on all issues submitted to the jury. We agree with the holding in *Andrews:* when a defendant has the burden on all issues submitted to the jury, and the trial court permits defendant to open and close, we will affirm the ruling on appeal. Those are not the facts in this case.

In *Dreeben v. Sidor,* 254 S.W.2d 908, 912 (Tex.Civ.App.—Amarillo 1952, writ ref'd n.r.e.), another case cited by 4M Linen, the defendant in a suit on a note admitted executing the note, but claimed he signed it relying on plaintiff's misrepresentations. The Amarillo Court of Appeals held the trial court properly permitted defendant to open and close arguments because he had the burden of proof on issues raised by the pleadings. *Id.* The court did not address whether plaintiff had the burden of proof on any of the special issues submitted to the jury, or the effect that burden had on the right to open and close.

4M Linen also cites *Meece v. Wade,* 512 S.W.2d 372 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.), where defendants made a similar argument to that made by 4M Linen. In *Meece,* plaintiff, an architect sued defendants to recover for breach of contract. Defendants counterclaimed, asserting malpractice. By the end of the trial, plaintiff had proved most of his case as a matter of law, and the trial court only submitted one damage issue for him. The court submitted defendants' counterclaims in six issues. Defendants had the burden on all liability issues and one damage issue, while plaintiff had the burden on only one issue. *Id.* at 373. On appeal, the *Meece* defendants argued that they should have been permitted to open and close final ar-

guments because they had the "burden of proof on the whole case." The Austin Court of Appeals rejected defendants' argument because plaintiff had the burden of proof under the pleadings and defendants did not have the burden of proof on all issues submitted to the jury. *Id.* at 374.

■ The same is true here. As in *Meece,* plaintiff proved its case as a matter of law, and defendant's counterclaims were submitted to the jury, along with one issue for plaintiff. *Meece* supports the trial court's ruling.

Ballard & Co. cites us to *Horton v. Dental Capital Leasing Corp.,* 649 S.W.2d 655 (Tex.App.—Texarkana 1983, no writ) in defense of the trial court's ruling. The Texarkana Court of Appeals said a defendant "must have the burden of proof on the whole case under the pleadings or have the burden of proof on all issues submitted" to have the right to open and close. *Horton,* 649 S.W.2d at 657. The court held defendant did not have that right when plaintiff still had the burden on the issue of attorney's fees.

In this case, the trial court submitted six issues to the jury, one of which was Ballard & Co.'s issue on attorney's fees. 4M Linen had the burden of proof on the remainder of the issues submitted. After looking to the pleadings of the case, we determine that Ballard & Co. carried the burden of proof on the whole case. The trial court properly denied 4M Linen's request to open and close final arguments.

We overrule 4M Linen's third point of error.

### 4. Refusal to submit issues

4M Linen's fourth point of error urges the trial court erred in refusing to submit special issues on its DTPA, breach of warranty, and contract claims. Specifically, 4M Linen challenges jury question number one:

> Do you find that W.P. Ballard represented that Tex–Stat had characteristics, ingredients, and uses which it did not have?
>
> Answer "Yes" or "No".

ANSWER: ___No___

According to 4M Linen, this issue was an impermissible comment on the weight of the evidence and prevented the jury from finding a misrepresentation based upon omission. The court refused the issue 4M Linen offered:

> Did W.P. Ballard & Company, Inc. engage in a false, misleading or deceptive act or practice in the selection or supply of a cleaning product to 4M Linen?
>
> INSTRUCTION: You are instructed that a "false, misleading or deceptive act or practice" is limited to the following conduct:
>
> a. Representing that the product supplied had characteristics, ingredients or uses which it did not have;
>
> b. Representing that the product supplied was of a particular standard, quality or grade, which it did not have;
>
> c. Failing to disclose information concerning the product supplied which was known to Ballard at the time of the transaction and which was intended to induce 4M Linen into the transaction.
>
> ANSWER "YES" OR "NO": ____

 The trial court must fairly submit the disputed issues for the jury's determination. *Baker Marine Corp. v. Moseley,* 645 S.W.2d 486, 489 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.), cited with approval in *Employers Casualty Co. v. Block,* 744 S.W.2d 940, 944 (Tex.1988). A trial court has great discretion in submitting jury questions. *Mobil Chemical Co. v. Bell,* 517 S.W.2d 245, 256 (Tex.1974); *Adams v. Petrade Int'l, Inc.,* 754 S.W.2d 696, 710 (Tex.App.—Houston [1st Dist.] 1988, writ denied). If there is evidence in the record that supports a requested issue, the trial court must submit the question, or it is reversible error. *Southwestern Bell Tel. Co. v. Thomas,* 554 S.W.2d 672, 674 (Tex.1977); *cf. Knesek v. Witte,* 715 S.W.2d 192, 198 (Tex.App.—Houston [1st Dist.] 1986, writ denied).

 This Court must determine if there is any evidence in the record to support 4M *Linen's* "failure to disclose" claim. 4M Linen points to the letter from John McKinney, a representative of Ballard & Co., that has the notation "mildewcide" beside Tex–Stat. We presume that 4M Linen is claiming that this notation proves Ballard & Co. knew that Tex–Stat was not a mildewcide.

Ballard & Co. introduced the testimony of George Cain, general manager of Ballard & Co.'s Houston office and sales representative to 4M Linen. Cain testified that Ballard & Co. only distributed chemicals, and did not make recommendations about products to use. He stated Ballard & Co. relies on the technical expertise provided by the manufacturer. Cain did not know if Tex–Stat was a mildewcide; Ballard & Co. did not have a technical expert who knew the chemical properties of Tex–Stat.

4M Linen directs us to testimony about a meeting attended by representatives of 4M Linen, Ballard & Co., and Diamond Shamrock. When testifying about that meeting, Max Reyna, a 4M Linen employee, stated:

> A. We all thought [Tex–Stat] was a mildewcide. When I say we, we're talking about Diamond Shamrock representatives, W.P. Ballard and us.
>
> Q. Did anyone discuss at that meeting, discuss Tex–Stat or describe it in any chemical properties as to what it really was?
>
> . . . .
>
> A. At that meeting, no.

This meeting was held in October 1985, four months after 4M Linen became dissatisfied with Tex–Stat. We do not see how this testimony raises the issue of Ballard & Co.'s knowledge and failure to disclose information that *induced* 4M Linen to order Tex–Stat. The evidence that an employee of 4M Linen *thought* Ballard & Co. *knew* Tex–Stat was a mildewcide four months after the problem arose, is less than a scintilla of evidence. The trial court properly refused to submit the instruction.

We overrule 4M Linen's fourth point of error.

**5. Cumulative error**

The fifth point of error asserts that the cumulative effect of the errors produced reversible error. Because we have found

no error, there can be no cumulative error. The fifth point of error is overruled.

6. Attorney's fees

Ballard & Co. perfected appeal on the issue of attorney's fees. It argues it was entitled to recover attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.001 (Vernon 1986). Ballard & Co. requested attorney's fees in its pleadings and offered proof of them at trial. After trial, but before the charge was submitted to the jury, 4M Linen moved for an instructed verdict on attorney's fees. 4M Linen claimed Ballard & Co. did not segregate the fees for the suit on the sworn account from those related to the defense of 4M Linen's counterclaim. The trial court reserved its ruling on the motion and submitted the issue to the jury. The jury found that Ballard & Co. was entitled to $19,615.77 in attorney's fees. The trial court granted 4M Linen's motion for instructed verdict and entered a judgment without attorney's fees.

■ A party may recover attorney's fees only if permitted by contract or by statute. *New Amsterdam Casualty Co. v. Texas Indus., Inc.,* 414 S.W.2d 914, 915 (Tex.1967); *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ). If the case involves more than one claim, only those fees attributable to the authorized claims are recoverable. *International Sec. Life Ins. Co. v. Finck,* 496 S.W.2d 544, 546–47 (Tex.1973). The burden was on Ballard & Co. to present evidence supporting its request for attorney's fees based upon its sworn account claim. The authorized fees must be segregated from the fees connected to other claims. *Id.; American Nat'l Bank & Trust Co. v. First Wisconsin Mortgage Trust,* 577 S.W.2d 312, 320 (Tex. Civ.App.—Beaumont 1979, writ ref'd n.r. e.).

■ The Dallas Court of Appeals stated the corollary to this rule in *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.,* 739 S.W.2d 622, 624–25 (Tex.App.—Dallas 1987, writ denied): A party need not segregate attorney's fees when the claims arise out of the same transaction and are so interrelated that their prosecution or defense involves proof of essentially the same facts. In the *Flint* suit, IPS sued for the purchase price of pipe it sold to the Flints. The Flints filed a counterclaim for damages, alleging the pipe was defective. The attorneys representing IPS testified they could not segregate the time between the two claims. The trial court entered findings of fact stating that the facts involved in the two claims were indistinguishable. The court of appeals agreed this supported the award of attorney's fees for the total time. *Flint,* 739 S.W.2d at 622–25; *see also First–Wichita Nat'l Bank v. Wood,* 632 S.W.2d 210, 215 (Tex.App.—Fort Worth 1982, no writ) (suit and counterclaim based upon contract; court noted attorney's testimony admitted without objection); *Wilkins v. Bain,* 615 S.W.2d 314, 315 (Tex.Civ.App. —Dallas 1981, no writ) (suit and counterclaim based upon contract; court distinguished the case from others "where the claim asserted is one in which the award of attorney's fees is allowed by statute and another theory sued upon is one in which attorney's fees are not allowed by statute").

Robert Lapin, Ballard & Co.'s counsel, testified he spent 201 hours preparing the case at a rate of $90 per hour. Ballard & Co. introduced a summary of expenses, which, when added to the attorney's hourly fees, amounted to a total of $19,615.77 (the amount awarded by the jury). During cross-examination, 4M Linen attempted to establish that some of the time included in the bill related only to 4M Linen's counterclaim. Lapin testified that, in its counterclaim, 4M Linen disputed whether it was legally obligated to pay the bill.

■ Ballard & Co. sought attorney's fees only for its suit on a sworn account, as authorized by section 38.001 of the Texas Civil Practice and Remedies Code. The facts involved in 4M Linen's counterclaim go to the issue of whether it was obligated to pay Ballard & Co. for the chemicals it delivered. 4M Linen did not offer any proof that the counterclaim was a separate matter, distinguishable from the suit on the

debt. Ballard & Co.'s suit on the sworn account and its defense to 4M Linen's counterclaim are so intertwined as to be indistinguishable. *Flint,* 739 S.W.2d at 624–25. The trial court erred in directing a verdict on the issue of attorney's fees because Ballard & Co.'s recovery of the amount owed depended on the jury's ruling on the counterclaims. We sustain Ballard & Co.'s point of error.

We overrule 4M Linen's remaining points of error in its motion for rehearing.

We modify the judgment to reinstate the jury's award of attorney's fees for Ballard & Co., and, as modified, affirm the judgment.

## ON SECOND MOTION FOR REHEARING

On appellant's first motion for rehearing, we held the trial court erred in refusing to allow 4M Linen to make an informal bill of exception, but we found the error was harmless. On second motion for rehearing, appellant claims the error was harmful. 4M Linen refers us to *In re Marriage of Goodwin,* 562 S.W.2d 532 (Tex.Civ.App.—Texarkana 1978, no writ); *Ledisco Fin. Serv., Inc. v. Viracola,* 533 S.W.2d 951 (Tex.Civ.App.—Texarkana 1976, no writ); and *Dorn v. Cartwright,* 392 S.W.2d 181 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r. e.).

In all three cases cited by 4M Linen, the party who attempted to make a bill to preserve excluded testimony was prevented from preserving a record of the excluded testimony. *Dorn* directly supports our holding. In *Dorn,* the Dallas Court of Appeals held it was not reversible error to refuse a bill of exception when the information appellant attempted to offer was immaterial to the outcome of the suit. 392 S.W.2d at 186. We said the same thing in this case: the evidence offered in the late bill was not relevant to the issue of defendant's liability.

We do not think *Ledisco* assists 4M Linen's cause either. In *Ledisco,* the trial court refused to permit appellant to make a bill of exception to preserve cross-examination testimony of a witness. 533 S.W.2d at 958. On appeal, the court held the objections, the questions, and the statements of counsel were sufficient to apprise both courts of the nature of the evidence appellant expected to produce. 533 S.W.2d at 959. Here, as in *Ledisco,* we can look at the record and find the testimony the trial court excluded.

Neither should *Goodwin* offer 4M Linen any comfort. In *Goodwin,* the trial court announced it would render judgment without taking any evidence. 562 S.W.2d at 533. Before the judgment was signed, appellant filed a motion to make a bill of exception to preserve evidence. *Id.* Without ruling on the bill, the court rendered a judgment reciting that it heard evidence and the parties waived a record. *Id.* On appeal, the Texarkana Court of Appeals reversed because appellant did not have the opportunity to present evidence. That is not the case here. The record before us contains the testimony 4M Linen attempted to offer at trial.

4M Linen complains about the timing of the bill: it was not permitted to make a bill *before* the trial court charged the jury, as required in Tex.R.App.P. 52(b). 4M Linen, however, was permitted to present the excluded evidence to the trial court *after* the charge was read to the jury. That evidence was brought forward for our consideration in the statement of facts.

After finding the trial court erred, we reviewed the evidence in the late bill and held the evidence was not relevant. 4M Linen now insists it has a right to a reversal and retrial because the trial court did not permit it to make a timely bill of exception.

If the purpose of the procedure for a bill of exception is to afford a party the opportunity to preserve excluded testimony for appellate review, the late informal bill did so. We find the late informal bill was the equivalent of a formal bill of exception, which can be filed as late as 60 days after the judgment is signed or, if a motion for new trial was filed, as here, 90 days after the judgment was signed.

We overrule 4M Linen's second motion for rehearing.