NO. 07-02-0150-CV 



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 9, 2002



______________________________




IN RE PASADENA INDEPENDENT SCHOOL DISTRICT, KEVIN HO,



BRANDON HULL, NATHAN MONTEZ, MASOOMA NAQVI, ZAINAB NAQVI,



BRANDT SMITH, MICHAEL TAYLOR, SHANNON VALLEY 



AND JEFFERY YOUNG, RELATORS



_______________________________




Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


 Pending before this Court is a petition for writ of mandamus filed by relators
Pasadena Independent School District, Kevin Ho, Brandon Hull, Nathan Montez, Masooma 
Naqvi, Zainab Naqvi, Brandt Smith, Michael Taylor, Shannon Valley, and Jeffery Young
(PISD, et al.) seeking to compel the Honorable J. Blair Cherry, Jr., Judge of the 72nd
District Court of Lubbock County, to rescind his order granting a temporary injunction and
denying PISD et al.'s plea in abatement. For the reasons expressed herein, we conclude
the petition for writ of mandamus must be denied. 

 On March 22, 2002, PISD, et al. filed suit in the 152nd District Court of Harris County
designating the Texas Academic Decathlon Association (TADA), a Texas non-profit
corporation, as the only defendant and alleging a dispute as to whether the students of the
PISD team or the students of the Lubbock Independent School District (LISD) team were
the winners of the contest. Although the LISD team was declared the winner on March 3,
2002, and designated to participate in the national competition scheduled for April 9
through April 13, PISD, et al. did not name or designate LISD or its team members as
defendants. Following a hearing on March 27, without any notice to the members of the
LISD team, the District Court of Harris County signed an order for a temporary injunction
finding there was "no clear winner" of the competition and ordering retesting of both teams
by April 5, 2002. (1) 

 On March 27, 2002, LISD, et al. commenced the underlying action against TADA in
the 72nd District Court of Lubbock County. On March 28, Judge Cherry issued a temporary
restraining order directing TADA to "desist and refrain" from decertifying LISD as the winner
and from retesting LISD. PISD, et al. filed a plea in intervention and a plea in abatement
in the Lubbock County lawsuit. PISD et al.'s plea in intervention was granted, but its plea
in abatement was denied, and on April 4, 2002, Judge Cherry again ordered TADA from
decertifying LISD as the winner and further ordered that LISD would not be retested.

 PISD, et al. assert that the issues presented in Cause No. 2002-517,377 pending
in the 72nd District Court of Lubbock County are substantially the same as issues
presented in Cause No. 2002-14909 pending in the 152nd District Court of Harris County. 
PISD, et al. also assert that the 152nd District Court of Harris County has dominant
jurisdiction and that the Lubbock Court erred in denying the plea in abatement filed by
PISD, et al. In response to PISD, et al.'s plea in abatement, among other things, LISD, et
al. contended that PISD, et al. were estopped to seek abatement of the Lubbock County
Court's action on the ground that the 152nd District Court of Harris County had dominant
jurisdiction of the controversy and, among other things, TADA contended that it had the
right to manage, within legal limits, its own affairs without interference from the courts. (2) 

 By their petition for writ of mandamus, PISD, et al. present six issues questioning
whether (1) the 72nd District Court of Lubbock County abused its discretion in denying
PISD, et al.'s plea in abatement because the 152nd District Court of Harris County had
previously acquired dominant jurisdiction; (2) the trial court abused its discretion in entering
a temporary injunction granting relief beyond orders necessary to preserve the status quo
pending final trial on the merits; (3) a writ of mandamus should issue directing the 72nd
District Court of Lubbock County to rescind its order granting a temporary injunction and
denying PISD, et al.'s plea in abatement; (4) the trial court abused its discretion in
misapplying the law to the facts of the case; (5) the trial court abused its discretion in
accepting jurisdiction of the matter where testimony established that there is no controversy
between LISD and TADA; and (6) the trial court abused its discretion in entering a
temporary restraining order without requiring a bond. (3) Before we address the issues
presented by PISD, et al., we first set forth the appropriate standard of review applicable
to mandamus proceedings.

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal, and the relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).
With respect to factual matters committed to the trial court's discretion, the appellate court
may not substitute its judgment for that of the trial court. Id. at 837. However, a review of
a trial court's determination of controlling legal principles is entitled to much less deference. 
Id. at 840. In our analysis, we "must focus on the record that was before the court and
whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial
error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998). 

 Notwithstanding the rule that an injunction acts in personam and not in rem, 
American Institute of Real Estate Apprais. v. Hawk, 436 S.W.2d 359, 366
(Tex.Civ.App.-Houston [14th Dist.] 1968, no writ) (emphasis added), and that PISD, et al.
did not serve or join LISD or the members of the team, as their principal argument
presented by their third issue, PISD, et al. contend that a writ of mandamus should issue
directing the 72nd District Court of Lubbock County to rescind its order granting a
temporary injunction and denying PISD, et al.'s plea in abatement on the ground that
dominant jurisdiction was vested in the Harris County District Court. In support of their
contention, PISD, et al. rely on Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245 (Tex. 1988). 
However, Wyatt is not controlling because all parties affected by the litigation were before
the court and questions of abatement and injunctive relief were presented. Moreover, even
if dominant jurisdiction was vested in the District Court of Harris County, a question we
need not decide, the trial court's denial of PISD et al.'s plea in abatement was grounded
on estoppel.

 In 4M Linen & Uniform v. W.P. Ballard & Co., 793 S.W.2d 320, 322 (Tex.App.--Houston [14th Dist.] 1990, writ denied), the court held:

 The party who filed the first suit may, however, be estopped from asserting
the jurisdiction of the first court.


[Citations omitted]. The court also noted that the issue of estoppel is a fact question to be
determined by the court where the plea in abatement is filed. By his order, among other
things, Judge Cherry concluded that PISD, et al. were estopped to assert dominant
jurisdiction because of the untimely nature of their action and because LISD and its team
members were not made parties in the Harris County proceeding. A review of the trial
court's determinations of fact requires our review of a reporter's record. Id. at 322-23. 
However, as is common in mandamus and expedited matters, we have not been provided
with a complete reporter's record. (4) Accordingly, because the Lubbock District Court's
resolution of the factual issue is entitled to deference in a mandamus proceeding and
should not be set aside unless it is clear from the record that only one decision could have
been reached, we conclude that Judge Cherry did not abuse his discretion in denying PISD,
et al.'s plea in abatement. GTE Communications v. Tanner, 856 S.W.2d 725, 729 (Tex.
1993). Similarly, the trial court's factual decision regarding its jurisdiction is also entitled to
the same measure of deference, and accordingly, PISD, et al.'s fifth issue does not require
that mandamus issue. See Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000) holding that the trial court may consider evidence to resolve jurisdictional
issues raised. Issues three and five are therefore overruled. 

 We have not overlooked PISD, et al.'s other issues; however, our disposition of the
principal contention pretermits our consideration of the remaining issues. Tex. R. App. P.
47.1. PISD, et al.'s petition for writ of mandamus is denied.

 Don H. Reavis

 Justice


Publish. 
1. Based on arguments and briefing, it appears that LISD, et al. were not made
parties to the Harris County proceeding, and that LISD's attorney was present at the
hearing on March 27, 2002. However, the extent of LISD's participation in the hearing is
uncertain from the limited record common to mandamus proceedings.
2. Burge v. American Quarter Horse Ass'n, 782 S.W.2d 353, 354 (Tex.App.-Amarillo
1990, no pet.)
3. A requirement of a bond does not implicate denial of the plea in abatement. 
Moreover, the record demonstrates that the requirement of a bond was waived. Tex. R.
Civ. P. 684.
4. According to the reporter's record, this Court was provided with excerpts of the
proceedings.



 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0406-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
22, 2011

                                            ______________________________

 

                                                             ANDREW
YATES,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                            Appellee

_______________________________

 

                     FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY;

 

                         NO.
1159467D; HON. GEORGE GALLAGHER, PRESIDING

                                           _______________________________

                                                                              

                                                    On
Abatement and Remand

                                           _______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








Andrew Yates, appellant, appeals his conviction from
the offense of robbery causing bodily injury. 
Appellant timely perfected this appeal by filing a notice of appeal on
September 9, 2010.  The clerks record
was filed on November 15, 2010, and the reporters record on November 18, 2010.  Therefore, appellants brief was due to be
filed by December 20, 2010.  No brief or
extension motion was filed by that date. 
On December 28, 2010, the court sent a letter to counsel for appellant
notifying him that the brief was overdue and that it or a response was due on
January 7, 2011.  On January 7, 2011,
counsel for appellant filed a motion to extend time to file appellants brief,
which was granted to February 10, 2011, with the admonition that no further
extensions would be granted.  To date, no
brief has been filed.

Consequently, we abate the appeal and
remand the cause to the 396th District Court of Tarrant County (trial court)
for further proceedings.  Upon remand,
the trial court shall undertake those proceedings necessary to determine the
following:

1.           
whether
appellant is indigent; 

 

2.           
whether
appellant desires to prosecute the appeal;

 

3. 
     whether
appellant has been denied the effective assistance of counsel due to appellate counsel=s failure to timely file an appellate
brief.  See Evitts
v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that
an indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief); and,

 

4.         why appellant=s appointed counsel has not complied
with the previously established deadline.

 

Should the trial court find that
appellant desires to pursue the appeal, is indigent, and has been denied effective
assistance of counsel, we direct it to appoint new counsel for appellant to
prosecute the appeal.  Any and all orders
issued as a result of its proceeding shall be included in a supplemental clerk=s record and filed with this court on or
before March 24, 2011.  Should additional time be needed to
perform these tasks, the trial court may request same on or before March 24,
2011.

It is so ordered.

                                                                                    Per
Curiam

Do
not publish.