NO. 07-02-0150-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 9, 2002

_____

IN RE PASADENA INDEPENDENT SCHOOL DISTRICT, KEVIN HO,

BRANDON HULL, NATHAN MONTEZ, MASOOMA NAQVI, ZAINAB NAQVI,

BRANDT SMITH, MICHAEL TAYLOR, SHANNON VALLEY

AND JEFFERY YOUNG, RELATORS

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pending before this Court is a petition for writ of mandamus filed by relators Pasadena Independent School District, Kevin Ho, Brandon Hull, Nathan Montez, Masooma Naqvi, Zainab Naqvi, Brandt Smith, Michael Taylor, Shannon Valley, and Jeffery Young (PISD, et al.) seeking to compel the Honorable J. Blair Cherry, Jr., Judge of the 72nd District Court of Lubbock County, to rescind his order granting a temporary injunction and denying PISD et al.'s plea in abatement. For the reasons expressed herein, we conclude the petition for writ of mandamus must be denied.

On March 22, 2002, PISD, et al. filed suit in the 152nd District Court of Harris County designating the Texas Academic Decathlon Association (TADA), a Texas non-profit corporation, as the only defendant and alleging a dispute as to whether the students of the PISD team or the students of the Lubbock Independent School District (LISD) team were the winners of the contest. Although the LISD team was declared the winner on March 3, 2002, and designated to participate in the national competition scheduled for April 9 through April 13, PISD, et al. did not name or designate LISD or its team members as defendants. Following a hearing on March 27, without any notice to the members of the LISD team, the District Court of Harris County signed an order for a temporary injunction finding there was "no clear winner" of the competition and ordering retesting of both teams by April 5, 2002.[1]

On March 27, 2002, LISD, et al. commenced the underlying action against TADA in the 72nd District Court of Lubbock County. On March 28, Judge Cherry issued a temporary restraining order directing TADA to "desist and refrain" from decertifying LISD as the winner and from retesting LISD. PISD, et al. filed a plea in intervention and a plea in abatement in the Lubbock County lawsuit. PISD et al.'s plea in intervention was granted, but its plea

---

[1]Based on arguments and briefing, it appears that LISD, et al. were not made parties to the Harris County proceeding, and that LISD's attorney was present at the hearing on March 27, 2002. However, the extent of LISD's participation in the hearing is uncertain from the limited record common to mandamus proceedings.

in abatement was denied, and on April 4, 2002, Judge Cherry again ordered TADA from decertifying LISD as the winner and further ordered that LISD would not be retested.

PISD, et al. assert that the issues presented in Cause No. 2002-517,377 pending in the 72nd District Court of Lubbock County are substantially the same as issues presented in Cause No. 2002-14909 pending in the 152nd District Court of Harris County. PISD, et al. also assert that the 152nd District Court of Harris County has dominant jurisdiction and that the Lubbock Court erred in denying the plea in abatement filed by PISD, et al. In response to PISD, et al.'s plea in abatement, among other things, LISD, et al. contended that PISD, et al. were estopped to seek abatement of the Lubbock County Court's action on the ground that the 152nd District Court of Harris County had dominant jurisdiction of the controversy and, among other things, TADA contended that it had the right to manage, within legal limits, its own affairs without interference from the courts.[2]

By their petition for writ of mandamus, PISD, et al. present six issues questioning whether (1) the 72nd District Court of Lubbock County abused its discretion in denying PISD, et al.'s plea in abatement because the 152nd District Court of Harris County had previously acquired dominant jurisdiction; (2) the trial court abused its discretion in entering a temporary injunction granting relief beyond orders necessary to preserve the status quo pending final trial on the merits; (3) a writ of mandamus should issue directing the 72nd

---

[2]Burge v. American Quarter Horse Ass'n, 782 S.W.2d 353, 354 (Tex.App.–Amarillo 1990, no pet.)

District Court of Lubbock County to rescind its order granting a temporary injunction and denying PISD, et al.'s plea in abatement; (4) the trial court abused its discretion in misapplying the law to the facts of the case; (5) the trial court abused its discretion in accepting jurisdiction of the matter where testimony established that there is no controversy between LISD and TADA; and (6) the trial court abused its discretion in entering a temporary restraining order without requiring a bond.[3]  Before we address the issues presented by PISD, et al., we first set forth the appropriate standard of review applicable to mandamus proceedings.

## Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus.  Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).  With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court.  *Id*. at 837.  However, a review of a trial court's determination of controlling legal principles is entitled to much less deference.  *Id*. at 840.  In our analysis, we "must focus on the record that was before the court and

---

[3]A requirement of a bond does not implicate denial of the plea in abatement. Moreover, the record demonstrates that the requirement of a bond was waived.  Tex. R. Civ. P. 684.

4

whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).

Notwithstanding the rule that an injunction acts *in personam and not in rem*, American Institute of Real Estate Apprais. v. Hawk, 436 S.W.2d 359, 366 (Tex.Civ.App.–Houston [14th Dist.] 1968, no writ) (emphasis added), and that PISD, et al. did not serve or join LISD or the members of the team, as their principal argument presented by their third issue, PISD, et al. contend that a writ of mandamus should issue directing the 72nd District Court of Lubbock County to rescind its order granting a temporary injunction and denying PISD, et al.'s plea in abatement on the ground that dominant jurisdiction was vested in the Harris County District Court. In support of their contention, PISD, et al. rely on Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245 (Tex. 1988). However, *Wyatt* is not controlling because all parties affected by the litigation were before the court and questions of abatement and injunctive relief were presented. Moreover, even if dominant jurisdiction was vested in the District Court of Harris County, a question we need not decide, the trial court's denial of PISD et al.'s plea in abatement was grounded on estoppel.

In 4M Linen & Uniform v. W.P. Ballard & Co., 793 S.W.2d 320, 322 (Tex.App.--Houston [14th Dist.] 1990, writ denied), the court held:

> The party who filed the first suit may, however, be estopped from asserting the jurisdiction of the first court.

5

[Citations omitted]. The court also noted that the issue of estoppel is a fact question to be determined by the court where the plea in abatement is filed. By his order, among other things, Judge Cherry concluded that PISD, et al. were estopped to assert dominant jurisdiction because of the untimely nature of their action and because LISD and its team members were not made parties in the Harris County proceeding. A review of the trial court's determinations of fact requires our review of a reporter's record. *Id.* at 322-23. However, as is common in mandamus and expedited matters, we have not been provided with a complete reporter's record.[4] Accordingly, because the Lubbock District Court's resolution of the factual issue is entitled to deference in a mandamus proceeding and should not be set aside unless it is clear from the record that only one decision could have been reached, we conclude that Judge Cherry did not abuse his discretion in denying PISD, et al.'s plea in abatement. GTE Communications v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993). Similarly, the trial court's factual decision regarding its jurisdiction is also entitled to the same measure of deference, and accordingly, PISD, et al.'s fifth issue does not require that mandamus issue. *See* Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) holding that the trial court may consider evidence to resolve jurisdictional issues raised. Issues three and five are therefore overruled.

---

[4]According to the reporter's record, this Court was provided with excerpts of the proceedings.

We have not overlooked PISD, et al.'s other issues; however, our disposition of the principal contention pretermits our consideration of the remaining issues. Tex. R. App. P. 47.1. PISD, et al.'s petition for writ of mandamus is denied.

Don H. Reavis
Justice

Publish.